UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRADFORD METCALF,                )
        Plaintiff,               )
                                 )
        v.                       )    Civil Action No. 07 0206
                                 )              UNA
FEDERAL BUREAU OF PRISONS, et al.,)
        Defendants.              )

## MOTION TO RECONSIDER ORDER IN THE
## MATTER OF IN FORMA PAUPERIS STATUS

Comes now, Plaintiff Bradford Metcalf, pro se, requesting this Court to reconsider its ORDER, issued on January 30, 2007 in the above titled action, for the following reasons:

1) The statute codification which this Court cited in its ORDER (28U.S.C.§1915), is an UNCONSTITUTIONAL BILL OF ATTAINDER;

2) Plaintiff has been granted IN FORMA PAUPERIS status previously because he has made nothing but slave wages for the prior nine(9) years;

3) The imposition of payment of fees will cause an extreme hardship upon Plaintiff who is already paying(because of extortion by BOP officials) **100%** of his disposable income towards his fine.

## DISCUSSION

1) Plaintiff is a **prisoner** at the FCI in Terre Haute, Indiana, earning approximately $52.00 per month, nearly all of it being taken to pay on his fine. The monies which are sent by his family go toward _needed_ items such as: toiletries, over-the-counter medications, postage, photocopies, vitamins, supplemental food, clothing, tithes, and telephone calls(to maintain contact with the community and coordinate filings with the Courts). By any, and every standard, Plaintiff is a pauper.

The statute codification which this Court cited, **28U.S.C.§1915 Proceedings in forma pauperis**, is an UNCONSTITUTIONAL BILL OF ATTAINDER.

> "No Bill of Attainder or ex post facto law shall be passed."
> Art. 1, Sec. 9, Cl. 3, Const. of the United States.

-1-

5

Plaintiff relies upon United States v. Brown, 14 L Ed2d 484(1965) for his assertion. Justice White explained,

> "[L]egislative acts,...,that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution..."
>
> Brown @ 492.

Although Plaintiff was given a "judicial trial", and received a sentence and fine, there was no condition of that sentence and fine which specified that Plaintiff should be further penalized with the payment of fees which, if he were not a **prisoner**, would ordinarily be waived. Plaintiff is an "easily ascertainable member of a group", i.e., **prisoner**(as described in 28U.S.C.§1915).

In 1810, Chief Justice Marshall, speaking for the Court in Fletcher v. Peck, 3 L Ed 162, stated that,

> "...[a] bill of attainder may affect the life of an individual, or may confiscate his property, or may do both."

Most certainly, the Prison Litigation Reform Act(P.L.R.A.), as codified in 28U.S.C.§1915, is a bill of attainder because it forces a **prisoner** to pay for something which he cannot afford, thereby affecting his life and "confiscating" what little property he has.

Justice White(in Brown, supra) quoted Fletcher, stating,

> "The Bill of Attainder Clause was...to be read in light of the evil the Framers had sought to bar; legislative punishment, of any form or severity, of specifically designated persons or groups. See also Ogden v. Sanders,    6 L ED 606 ..."  Brown @ 491.

The P.L.R.A. is legislative punishment which is targeted to **prisoners**, simply because they are **prisoners**. Cummings v. Missouri, 18 L Ed 356 (1866), was also cited in **Brown** as to legislative acts inflicting punishment. Among those inflictions was, "...Disqualification from the privilege of appearing in the courts...", Brown @ 491. The P.L.R.A., as codified in 28U.S.C.§1915, effectively disqualifies nearly all **prisoners** from accessing the Courts, except those who have managed to hold onto some wealth outside of the razorwire.

According to previous Supreme Court decisions, the P.L.R.A. is, in all respects, an unconstitutional bill of attainder and Plaintiff should be allowed to proceed without payment of fees.

2) In an unrelated case which is now in reconsideration before the Sixth Cicuit Court of Appeals, Plaintiff has been granted in forma pauperis status. Plaintiff's motion to the district court in the Western District of Michigan was **granted**, the only relief which Plaintiff has received in scores of motions submitted to the District and Appeals Courts in the Sixth Circuit over the past nine(9) years.

3) The imposition of the payment of fees will cause an extreme hardship upon Plaintiff, since Plaintiff is already paying 100% of his disposable earnings toward his fine, through extortion by prison staff(see Count 2 of Plaintiff's Complaint). While the BOP will probably maintain that all of Plaintiff's needs are met by the BOP, nothing could be further from the truth.

Plaintiff's family has sent money for nearly nine(9) years in order that Plaintiff may maintain his health in the toxic atmosphere of the prison. Conditions which require extra spending for food include overcooked vegetables, undercooked meats, and concoctions served as food which can best be described as garbage. The starchy diets require vitamin supplements to maintain health. Overcrowding to 200% of rated capacity causes stresses and hygene problems which require immune systems to work overtime.

Funds sent by Plaintiff's family also go toward postage stamps, photocopies, and telephone calls so that Plaintiff may access the courts(and "maintain contact with the community"). Toiletries, over-the-counter medications, and clothing are also occasionally needed. Inmates are charged a $2.00 copay when requesting medical services. Finally, it is Plaintiff's religious belief to tithe 10% of what he spends in the commissary. Plaintiff has no excess to spend on anything.

For the foregoing reasons, Plaintiff requests this Court to reconsider its ORDER of January 30, 2007 and allow Plaintiff to proceed without payment of fees.

Respectfully submitted,

Dated: February 22, 2007

_Bradford Metcalf_

Bradford Metcalf #09198-040
P.O. Box 33
Terre Haute, Indiana 47808

Inmate Trust Fund records attached.

-3-

## CERTIFICATE OF SERVICE

This certifies that on the following dates, service of:

*MOTION TO RECONSIDER ORDER IN THE*

*MATTER OF IN FORMA PAUPERIS STATUS*

were made to:

General Counsel, Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

_____02/22/07_____
Date

Harley Lappin, Director
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

_____02/22/07_____
Date

Michael Atwood, Chief Trust Fund Administrator
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

_____02/22/07_____
Date

Michael Nalley, Regional Director
Federal Bureau of Prisons
400 State Avenue
Tower II, Suite 800
Kansas City, Kansas 66101

_____02/22/07_____
Date

Mark Bezy, Warden, Retired
Address unknown to Plaintiff
but known to FBOP

_____02/22/07_____
Date

R.V. Veach, Warden
FCC Terre Haute
4700 Bureau Road, South
Terre Haute, Indiana 47802

_____02/22/07_____
Date

D. Carlson, Unit Manager
FCI Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_____02/22/07_____
Date

## CERTIFICATE OF SERVICE (Cont.)

R. Baskerville, Case Manager
FCI Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_02/22/07_
Date

R. Erwin, Counselor
FCI Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_02/22/07_
Date

### UNKNOWN PRISON STAFF

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

Date

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

Date

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

Date

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

Date

Bradford Metcalf

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Counselor Erwin | DATE: 7 Feb, 2007 |
|---|---|
| FROM: Metcalf, Bradford K. | REGISTER NO.: 01198-040 |
| WORK ASSIGNMENT: Chapel | UNIT: C |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I request, "... a certified copy of [my] trust
fund account statement (or institutional
equivalent), including the supporting ledger
sheets, for the six-month period immediately
preceding the filing of [my] complaint...
(i.e., about January 23, 2007). Thank you. Bradford
Metcalf

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

