UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRADFORD METCALF,         )
    Plaintiff,         )
                     )
v.                        )  Civil Action No. 07-0206 (ESH)
                     )
FEDERAL BUREAU OF PRISONS, et. al.,)
    Defendants.        )

## MOTION FOR DEFAULT JUDGMENT

    Comes now Plaintiff, Bradford Metcalf, pro se, and by support of affidavit, requests this Court to render default and default judgment against the named Defendants(see Federal Rules of Civil Procedure, Rules 54(c) and 55, attached).

    Plaintiff filed his complaint in latter January, 2007. This Court denied Petitioner's Motion for Temporary Injunction on April 27, 2007, stating it would not issue an order, "...before the adverse party or the party's attorney can be heard in opposition." As of July 19, 2007 (eighty-seven(87) days after this Court's order), none of the named Defendants have bothered to respond. There has now been plenty of opportunity for the Defendants to be heard in opposition, and in fact, the Defendants have defaulted. The default is due to **inexcusable neglect** because the ignoration of this suit was a willful and intentional act.

    Whereas, Plaintiff has requested a sum certain of $10,000,000 for the effects of the denials of his right to receive publications in order to make effective filings to the courts(i.e., the loss of over nine(9) years of his liberty); and

    Whereas, Plaintiff has requested a jury determination of the damages for the individual deprivations of his constitutional rights;

    Therefore, Plaintiff requests this Court to render default judgment against Defendants as prescribed under the Federal Rules of Civil Procedure, Rules **54(c)**Demand for Judgment and **55**Default.

                                    Respectfully submitted,

Dated: July 20, 2007

                                    Bradford Metcalf #09198-040
                                    P.O. Box 33
                                    Terre Haute, Indiana 47808

## SERVICE

No service has yet been rendered on this motion in order to prevent Defendants from subsequently filing a responsive pleading before this Court has an opportunity to adjudicate this motion(see Commentary by Catherine Hunt Ruddy, P.3 of Rule 55, United States Code Service, Lawyer's Edition, 2006, Federal Rules of Civil Procedure, Rules 55-59, attached).

*Bradford Metcalf*
Bradford Metcalf

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRADFORD METCALF, )
    Plaintiff, )
)
v. ) Civil Action No. 07-0206 (ESH)
)
FEDERAL BUREAU OF PRISONS, et. al., )
    Defendants. )
)

### AFFIDAVIT OF BRADFORD METCALF
### (MOTION FOR DEFAULT JUDGMENT)

1. On January 19, 2007, through my agent, I placed a true copy of the COMPLAINT filed with this Court, in the U.S. Mail, addressed to each of the Defendants in this case.

2. On April 27, 2007, this Court denied my Petition for a Temporary Injunction, "...before the adverse party or the party's attorney can be heard in opposition."

3. As of July 19, 2007, I have heard nothing from any of the named Defendants.

    I certify the foregoing to be true and accurate to the best of my knowledge.
    Further Affiant saith naught.

Dated: July 20, 2007

                                          _/s/ Bradford Metcalf_
                                          Bradford Metcalf

# FEDERAL RULES OF CIVIL PROCEDURE

## VII. JUDGMENT

### Rule 55. Default

**(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

**(b) Judgment.** Judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**(d) Plaintiffs, Counterclaimants, Cross-Claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

**(e) Judgment Against the United States.** No judgment by default shall be entered against the United States or an officer or agency thereof unless the

Rule 55

DEFAULT

Rule 55

# COMMENTARY
by Catherine Hunt Ruddy
Beckman, Davis, Smith & Ruddy, LLP
The National Institute for Trial Advocacy
Notre Dame Law School

Rule 55 sets forth a two-step process for obtaining a default judgment. Subsection (a) calls for submission of an affidavit or other proof establishing that a party has been served with summons and complaint or other pleading seeking affirmative relief, and has failed to file a responsive pleading "or otherwise defend" the action within the applicable time limit. This proof, which is not required to be served on the defaulting party, supports entry of an order of default. The order of default prevents the opposing party from subsequently filing a responsive pleading unless the party brings a successful motion to set aside the default under Rule 55(c). This rule expressly applies to complaints, cross-claims, counterclaims and third-party complaints. F.R.Civ.P. 55(d).

Entry of the order of default by the clerk does not automatically entitle a party to a default judgment; subsection (b) governs obtaining the actual judgment following entry of default by the clerk under subsection (a).

Where the complaint seeks a specified sum (or one that can be determined by using a formula), the default is for failure to appear, and is not against a minor or incompetent person or an officer or agent of the United States, the clerk can enter judgment pursuant to Rule 55(b)(1). In such cases, the entry of default and the default judgment may be requested simultaneously in a single document. In other cases, the plaintiff must apply to the court for the default judgment. Examples of where a court judgment is required include: (1) the defaulting party has appeared in the action by filing a document that fails to reflect an intent to defend the action; (2) the amount sought is not certain (e.g., where reasonable attorney fees are sought, tort claims are alleged, punitive damages or declaratory relief is sought; and (3) where the defendant is a minor, is incompetent, is in the military, or is the United States.

If the defaulting party has in any way appeared in the action, Rule 55(b)(2) and considerations of due process require service of written notice of a motion for default judgment at least three days before the hearing (plus an additional three days if service is by mail). The interpretation of "appearance" under these circumstances is very liberal. Some circuits have found informal contacts such as settlement discussions, stipulations for extensions of time, or an untimely attempt to file a responsive pleading to be a sufficient "appearance" to require notice under 55(b)(2), regardless of whether the appearance involved a submission to the court. A party's appearance does not prevent it from being held in default, but it simply activates the special notice and judicial review safeguards provided by this rule. Failure by the plaintiff to give this required notice is a serious procedural error that may justify reversal or setting aside of the default judgment.

On motion for default judgment, the court will accept the well-pleaded allegations of the complaint as true except as to the amount of damages. However, this does not mean that a default automatically entitles a plaintiff to a judgment.

The court has discretion to grant or deny a default judgment. It may consider the following factors in exercising its discretion: the merits and

3

---

Rule 55

RULES OF CIVIL PROCEDURE

claimant establishes a claim or right to relief by evidence satisfactory to the court.

(Amended Aug. 1, 1987.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Other provisions:**

**Notes of Advisory Committee.** This represents the joining of the equity decree pro confesso (former Equity Rules 12 (Issue of Subpoena—Time for Answer), 16 (Defendant to Answer—Default—Decree Pro Confesso), 17 (Decree Pro Confesso to be Followed by Final Decree—Setting Aside Default), 29 (Defenses—How Presented), 31 (Reply—When Required—When Cause at Issue)) and the judgment by default now governed by U.S.C., Title 28, former § 724 (Conformity act). For dismissal of an action for failure to comply with these rules or any order of the court, see Rule 41(b).

*Note to Subdivision (a).* The provision for the entry of default comes from the Massachusetts practice, 2 Mass. Gen. Laws (Ter ed., 1932) ch. 231, § 57. For affidavit of default, see 2 Minn. Stat (Mason, 1927) § 9256.

*Note to Subdivision (b).* The provision in paragraph (1) for the entry of judgment by the clerk when plaintiff claims a sum certain is found in the N.Y.C.P.A. (1937) § 485, in Calif. Code Civ. Proc. (Deering, 1937) § 585(1), and in Conn. Practice Book (1934) § 47. For provisions similar to paragraph (2), compare Calif. Code, supra, § 585(2); N.Y.C.P.A. (1937) § 490; 2 Minn. Stat. (Mason, 1927) § 9256(3); 2 Wash. Rev. Stat. Ann. (Remington, 1932) § 411(2). U.S.C., Title 28, § 785 (Action to recover forfeiture in bond) and similar statutes are preserved by the last clause of paragraph (2).

*Note to Subdivision (e).* This restates substantially the last clause of U.S.C., Title 28, former § 763 (Action against the United States under the Tucker Act). As this rule governs in all actions against the United States, U.S.C., Title 28, former § 45 (Practice and procedure in certain cases under the interstate commerce laws) and similar statutes are modified in so far as they contain anything inconsistent therewith.

*Supplementary Note of Advisory Committee Regarding this Rule.* The operation of Rule 55(b) (Judgment) is directly affected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, §§ 501 et seq. Section 200 of the Act [50 U.S.C. Appendix, § 520] imposes specific requirements which must be fulfilled before a default judgment can be entered, e. g., *Ledwith v. Storkan*, 6 Fed. R. Serv. 60b.24, Case 2, 2 F.R.D. 539 (D. Neb. 1942), and also provides for the vacation of a judgment in certain circumstances. See discussion in Commentary, Effect of Conscription Legislation on the Federal Rules, 1940, 3 Fed. R. Serv. 725; 3 Moore's Federal Practice, 1938, Cum. Supplement § 55.02.

**Notes of Advisory Committee on 1987 amendments.** The amendments are technical. No substantive change is intended.

2

## Rule 55

### DEFAULT

**Federal Procedure:**

1 Moore's Federal Practice (Matthew Bender 3d ed.), ch 6, Time § 6.07.
2 Moore's Federal Practice (Matthew Bender 3d ed.), ch 12, Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on Pleadings § 12.38.
3 Moore's Federal Practice (Matthew Bender 3d ed.), ch 14, Third-Party Practice § 14.23.
3 Moore's Federal Practice (Matthew Bender 3d ed.), ch 16, Pretrial Conferences; Scheduling; Management § 16.90.
4 Moore's Federal Practice (Matthew Bender 3d ed.), ch 17, Parties Plaintiff and Defendant; Capacity § 17.25.
8 Moore's Federal Practice (Matthew Bender 3d ed.), ch 39, Trial By Jury or By the Court § 39.11.
9 Moore's Federal Practice (Matthew Bender 3d ed.), ch 52, Findings by the Court; Judgment on Partial Findings § 52.34.
10 Moore's Federal Practice (Matthew Bender 3d ed.), ch 54, Judgments; Costs § 54.71.
10 Moore's Federal Practice (Matthew Bender 3d ed.), ch 55, Default §§ 55.01 et seq.
11 Moore's Federal Practice (Matthew Bender 3d ed.), ch 56, Summary Judgment §§ 56.10, 56.15.
12 Moore's Federal Practice (Matthew Bender 3d ed.), ch 58, Entry of Judgment § 58.03.
12 Moore's Federal Practice (Matthew Bender 3d ed.), ch 60, Relief From Judgment or Order §§ 60.03, 60.22, 60.24.
14 Moore's Federal Practice (Matthew Bender 3d ed.), ch 81, Applicability in General § 81.10.
17 Moore's Federal Practice (Matthew Bender 3d ed.), ch 111, Change of Venue § 111.36.
18 Moore's Federal Practice (Matthew Bender 3d ed.), ch 131, Claim Preclusion and Res Judicata § 131.30.
23 Moore's Federal Practice (Matthew Bender 3d ed.), ch 517, Procedure in an Original Action § 517.10.
29 Moore's Federal Practice (Matthew Bender 3d ed.), ch 701, History of Admiralty Practice §§ 701.04, 701.05.
2 Fed Proc L Ed, Administrative Procedure §§ 2:358, 359, 401.
5 Fed Proc L Ed, Bankruptcy §§ 9:44, 45.
10A Fed Proc L Ed, Discovery and Depositions §§ 26:546, 655, 664.
13 Fed Proc L Ed, Foreign Relations § 36:379.
16 Fed Proc L Ed, Habeas Corpus § 41:102.
21A Fed Proc L Ed, Judgments and Orders §§ 51:20, 31, 47–53, 56–63, 65–67, 69–74, 77–81, 141.
27 Fed Proc L Ed, Pleadings and Motions §§ 62:191, 196.
27A Fed Proc L Ed, Pleadings and Motions § 62:684.
30 Fed Proc L Ed, Social Security and Medicare § 71:644.

**Am Jur:**

3C Am Jur 2d, Aliens and Citizens § 2527.

5

---

## Rule 55    RULES OF CIVIL PROCEDURE

sufficiency of the complaint, the possibility of a dispute over material facts, whether default resulted from excusable or inexcusable neglect on the part of the defendant, the amount of money at stake, whether material issues of fact or issues of substantial public importance are involved, the prejudice to the party seeking the judgment if relief is denied, and the strong policy favoring decisions on the merits. The court might also consider the actions of the party seeking default and whether the plaintiff has engaged in a course of delay or sought numerous continuances which would make entry of default inappropriate.

The court may, after notice to the plaintiff, require additional proof of a fact alleged as a basis for liability, but a failure to allege a valid claim in the complaint cannot be cured by evidence presented at the hearing. The evidence heard must be limited to the claims pleaded in the complaint.

The allegations of the complaint are not controlling as to damages but, in accordance with Rule 54(c), judgment may not be different in kind or exceed the prayer. Since a default does not concede the amount demanded, the court may conduct an evidentiary hearing, it may resolve the issue of damages by reference to a magistrate or master, or it may decide the amount of damages to award based on declarations.

A jury trial must be provided "when and as required by any statute of the United States," but otherwise does not exist on default. Thus, unless a statute expressly provides for a jury trial in default proceedings, there is no right to a jury trial.

A party may seek to set aside the entry of default by showing "good cause," as required by Rule 55(c). In order to show good cause, the movant must provide an explanation for the default or give reasons why vacating the entry of default would serve the interests of justice. Good cause can be failure to receive service, mistake or misunderstanding of counsel regarding the procedural rules, or illness of the party or its attorney. Relief from default may also be granted if the court does not find gross neglect on the part of the defaulting party, if the plaintiff would not be substantially prejudiced by reopening the case, if the defaulting party has a meritorious defense to the action, and if the default has been entered against the United States and no proof of claim has been shown. Motions for relief from default entry under Rule 55(c) are frequently granted and relief is mainly denied when the defaulting party has been grossly negligent or the default was the result of a willful or intentional act. Once a default judgment has been entered, the availability of relief is governed by Rule 60(b).

An entry of judgment by default is usually considered as final and conclusive for purposes of res judicata and collateral estoppel.

### CROSS REFERENCES

Summons as notice to defendant, judgment by default will be entered on failure to appear and defend, USCS Federal Rules of Civil Procedure, Rule 4.
Failure to attend own deposition, serve answers to interrogatories, or respond to request for inspection, entry of default judgment, USCS Federal Rules of Civil Procedure, Rule 37.
Demand for judgment, USCS Federal Rules of Civil Procedure, Rule 54.
Relief awarded on default, USCS Federal Rules of Civil Procedure, Rule 54.

4