UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BRADFORD METCALF,
    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et. al.,
    Defendants.

Civil Action No. 07-0206 (ESH)

## FIRST MOTION TO TAKE JUDICIAL NOTICE
### (F.R. EVID. RULE 201, as codified)

Comes now, Plaintiff Bradford Metcalf, pro se, requesting this Court to take judicial notice of the following facts,

[Rule 201. Judicial Notice of Adjudicative Facts
    (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned.
    (d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.
    (f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.]:

### MEMORANDUM

1. On August 3, 2007, this Court ordered Plaintiff to provide the full address of the unserved Defendants(former Warden Mark Bezy and former Unit Manager D. Carlson). Plaintiff is unable to comply because Plaintiff has no resource to determine that information. The BOP will not supply that information to Plaintiff without a court order because it would violate the Privacy Act and (allegedly) the security of the Defendants. Plaintiff was unable to secure even the first names of the Defendants from the BOP. Plaintiff requests this Court to ORDER the Defendants to provide the full adresses of Defendants Mark Bezy and D. Carlson.

2. Defendant's Motion for an Enlargement of Time(dated August 27, 2007) states that Plaintiff is seeking release from prison, but (see Plaintiff's Motion to Hold Habeas Corpus Petition in Abeyance, dated March 13, 2007) Plaintiff wishes to fully develope his claims through discovery and adjudication of his COMPLAINT before asserting the habeas portion of his petition.

-1-

3. Plaintiff has received only one(1) ORDER of this Court(Docket #18) since this Court's ORDER(Docket #10) on May 29, 2007. MINUTE ORDERS have been received. Plaintiff is not sure whether this is an oversight by court staff, prison mail room staff, or simply the method of the Court's business.

4. This Court, on July 31, 2007, denied Plaintiff's Motion for Default Judgment based upon, "...the ground that defendants were served on June 26, 2007,...", but see the CERTIFICATE OF SERVICE in Plaintiff's COMPLAINT(Docket #1, dated January 19, 2007), and AFFIDAVIT in Plaintiff's Motion for Default Judgment to see that at least seven(7) of the initial nine(9) Defendants were served shortly after January 19, 2007. Over six(6) months elapsed before any response was attempted by those Defendants(i.e., Mr. Adebonojo's Notice of Appearance simultaneous with Plaintiff's Motion for Default Judgment). It was Plaintiff's understanding that a failure to respond procedurally bars any future response(see F.R.C.P. Rule 55 and F.R.C.P. Rule 8(d) Effect of Failure to Deny, as codified). It would appear from the language in Rule 8(d) that the "Averments...are admitted when not denied..." in Plaintiff's COMPLAINT, by the Defendants.

5. The additional Defendants which Plaintiff added to this case, were only added, "...in the event his Motion for Default Judgment is denied..."(see Supplemental Complaint, dated August 21, 2007).

Wherefore, Plaintiff requests this Court to take notice of the above facts.

Respectfully submitted,

Dated: September 20, 2007

Bradford Metcalf
#09198-040
P.O. Box 33
Terre Haute, Indiana 47808

-2-

## CERTIFICATE OF SERVICE

I certify that on September 20, 2007, I placed a true copy of:

FIRST MOTION TO TAKE JUDICIAL NOTICE
(F.R. EVID. RULE 201, as codified)

in the U.S. Mail, first class, postage prepaid to:

AUSA Adebonojo
U.S. Attorney's Office
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20001

*Bradford Metcalf*
Bradford Metcalf