UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADFORD METCALF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-cv-0206 (ESH) |
| ) | |
| BUREAU OF PRISONS, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND IN OPPOSITION TO PLAINTIFF'S FIRST MOTION TO TAKE JUDICIAL NOTICE**

Defendants respectfully submit this Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c) and in opposition to Plaintiff's First Motion to Take Judicial Notice. In his motion, Plaintiff seeks a court order that Defendants "provide the full address of Defendants Mark Bezy and D. Carlson."[1] Plaintiff's request should be denied and this motion should be granted for the following reasons.

1.  <u>Plaintiff Has Not Made a Compliant Request</u>: To the extent that Plaintiff's motion creates the impression that a request for the information sought has been made, Pl. Mot. ¶ 1, Defendants submit the attached declaration indicating that no such request has been received by the BOP or at the Federal Correctional Center, Terre Haute, Indiana, where Plaintiff is incarcerated. *See* Ex. A, Declaration of Mary-Ellen Doucette-Lunstrum. Consequently, Plaintiff has not complied with the Privacy Act and/or its exhaustion requirements. Service on Carlson may be procured in the same manner that Plaintiff has procured service on other Defendants.

---

[1] Defendant Bezy is no longer employed by the Bureau of Prisons ("BOP").

2.      Privacy Act: Defendants are precluded from providing the information that Plaintiff seeks under the Privacy Act, 5 U.S.C. 552a(b). An individual's address has been determined to be a record under the Privacy Act, 5 U.S.C. 552a(a)(4) and therefore prohibited from disclosure without the individuals' written permission. 5 U.S.C. 552a(b); ); *Quinn v. Stone*, 978 F.2d 126, 132 (3d Cir. 1992).

3.      Untimely Motion: By minute order dated August 2, 2007, this Court ordered Plaintiff to provide the addresses to the Marshalls Service by August 15, 2007, to enable service. Plaintiff waited until more than a month after the due date set by the minute order to file the within motion. The motion appears to be a veiled motion to extend time to serve the defendants and it should be denied.

4.      Motion to Dismiss will be filed on October 29: Federal courts have broad discretion to manage the conduct of discovery to protect a party from undue burden or expense or otherwise to promote the ends of justice by granting an appropriate order to limit or postpone discovery. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001). *See also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38 (1st Cir. 2003) (noting that "district courts exercise broad discretion to manage discovery matters."); *Stella v. Mineta*, 147 F.3d 135, 147 (D.C. Cir. 2002) (stating that "district courts are afforded substantial discretion to manage discovery as they see fit."). Given this vast discretion, this Court "should not hesitate to exercise appropriate control over the discovery process" in this case. *Herbert v. Lambo*, 441 U.S. 153, 177 (1979); *see also* Fed. R. Civ. P. 26(c). Therefore, it is an appropriate exercise of this Court's broad discretion to stay discovery pending Defendants' imminent motion to dismiss. One of the reasons Defendants' motion to dismiss was not filed on September 28, 2007, is that Plaintiff

recently filed a supplemental complaint purporting to name new defendants. Plaintiff has displayed a penchant for attempting to unnecessarily add new defendants.

    5.    Since he is incarcerated, it is impracticable for the undersigned to confer with Plaintiff about the within Motion.[2]

WHEREFORE, Defendants request that this motion for protective order be granted and Plaintiff's motion denied.

Dated: October 10, 2007        Respectfully submitted,

        /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4210
Washington, D.C. 20530
(202) 514-7157

COUNSEL FOR DEFENDANTS

---

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing counsel." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADFORD METCALF,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS,<br>　　　et al.<br><br>　　　　Defendants. | Civil Action No.: 07-cv-0206 (ESH) |

## **ORDER**

This matter having come before this Court on Defendants' Motion for a protective order, it is hereby

**ORDERED** that Defendants' motion is **GRANTED**. It is further

**ORDERED** that Plaintiff's First Motion To Take Judicial Notice is hereby denied.

**SO ORDERED** this ____ day of _____, 200__.

_____
United States District Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Defendants' Motion for a Protective Order and in Opposition to Plaintiff's Motion to Take Judicial Notice was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Bradford Metcalf,
Fed. Reg. No. 09198-040
P.O. Box 33
Terre Haute, Indiana
4780817837

on this 10th day of October, 2007

                                               _____/s/_____
                                                        KENNETH ADEBONOJO

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADFORD METCALF, )<br>         Plaintiff, )<br>          )<br>   vs. )<br>          )<br>BUREAU OF PRISONS. et al., )<br>          )<br>         Defendants. )<br>_____) | Case No. 04-206-ESH |

### **DECLARATION OF M. E. DOUCETTE-LUNSTRUM**

    I,    M. E. Doucette-Lunstrum, hereby declare and state the following:

    1.    I am currently employed by the Federal Bureau of Prisons (hereafter "BOP"), and assigned to the Federal Correctional Complex, Terre Haute, Indiana (hereafter "FCC Terre Haute"). I began employment with the BOP in 1990, and have been assigned to USP Terre Haute since February 2005. My position is that of Supervisory Attorney Advisor.

    2.    I have read the Plaintiff's Motion to Take Judicial Notice received by the United States District Court on September 26, 2007. I have made inquiries to the Plaintiff's Unit Team and have also checked to determine whether the Plaintiff filed a request for this information through the Freedom of Information/Privacy Section of the Federal Bureau of Prisons. I was not able to verify that the Plaintiff took any steps to obtain the address of defendant, Mark A. Bezy.

    I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

    Executed this <u>10th</u> day of October 2007.

                                                   _____/s/_____
                                                 M. E. Doucette-Lunstrum
                                                 Supervisory Attorney Advisor
                                                 FCC Terre Haute