UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

OCT 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BRADFORD METCALF,                    )
        Plaintiff,                   )
                                     )
        v.                           )  Civil Action No. 07-0206 (ESH)
                                     )
FEDERAL BUREAU OF PRISONS, et. al.,  )
        Defendants.                  )
                                     )
                                     )

REPLY TO
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND IN OPPOSITION TO
PLAINTIFF'S FIRST MOTION TO TAKE JUDICIAL NOTICE

Comes now, Plaintiff Bradford Metcalf, pro se, in reply to the Government's above entitled motion. Plaintiff addresses the Government's points, seriatim.

Point 1.(Plaintiff has not made a compliant request) The Government has infered that Plaintiff made a request for the addresses of the unserved Defendants. Plaintiff clearly stated that the Defendants would not even divulge their first names, when requested, before this suit was filed(see Exhibit 24). Why then, would Plaintiff expect any more cooperation concerning the mailing addresses of the named Defendants? In fact, the Defendants have cooperated in nothing on this lawsuit(e.g., Plaintiff's Discovery Request, sent on August 21, 2007, still unanswered, see Exhibit 25).

Point 2. (Privacy Act) The Government has herein admitted and proven Plaintiff's assertion in the First Motion to take Judicial Notice---that the Government has no intention of providing Plaintiff with any necessary information pertaining to this action, even the addresses of the Defendants. This point is probably moot, since the Defendants are now represented by the Government(AUSA Adebonojo), and the Government may now notify the unserved Defendants without divulging any sensitive information to Plaintiff.

Point 3. (Untimely Motion) Plaintiff gave notice to the Court that he has no access to the addresses. Plaintiff cannot "Google" the Defendants "on line" because he is denied access to the internet. He has no access to "Directory Assistance". And he has received

absolutely <u>no</u> cooperation from the staff at Terre Haute because the staff believes it is <u>above</u> the law. Plaintiff has simply no ability to comply with the Court's order to serve the Defendants because the Defendants refuse to "play ball" unless this Court orders it. Incidently, Plaintiff notes the irony in the Government's assertion of Plaintiff filing a "veiled motion to extend time", when Plaintiff received the Government's "Appellee's Motion for Leave to File Opposition to Motion to Hold Breifing Schedule in Abeyance"(see Exhibit 26, a request to file <u>his</u> late motion), on the same day Plaintiff received the motion in which Plaintiff now replies. Since the U.S. Attorney's office represents the Defendants, if they wish to withhold the Defendant's addresses, they should be forced to serve their own clients.

Point 4. (Motion to Dismiss will be filed on October 29) It appears that the Government has requested this Court to deny Plaintiff the discovery of two of Defendant's addresses in his instant motion. So be it---as long as he will take the responsibility to serve his clients, Plaintiff has no need for those addresses, yet. As for discovery of other issues, Plaintiff made his request to AUSA Adebonojo(2 months ago---now a month overdue), in order to more perfectly plead his Complaint to this Court.

The Defendants have had all year to respond to Plaintiff's Complaint. The Government has complained about,"One of the reasons Defendant's Motion to Dismiss was not filed on September 28, 2007, is that Plaintiff recently filed a supplemental complaint purporting to name new defendants." First, even with the delays which have been granted to Defendants by this Court, the Defendants still had a month to respond after receiving Plaintiff's Supplemental Complaint. That time has been doubled. Second, Plaintiff has not "purported to name new defendants." He <u>has</u> named new defendants.

When it comes to light who has been trampling upon the <u>rights</u> of a Plaintiff, those persons responsible <u>should</u> be added as defendants. That is the reason Plaintiff included "Unknown Prison Staff" as defendants in his Complaint. The Government complained, "Plaintiff has displayed a penchant for attempting to unnecessarily add new defendants." Plaintiff answers that the "unnecessarily" is the purview of

-2-

of a jury, not the U.S. Attorney. It appears to Plaintiff that, regardless of the gravity of the Defendant's ignoration of Plaintiff's <u>rights</u>, the Government believes that no government player should be held accountable for <u>breaking the law</u>. As this suit progresses, it is becoming increasingly clear that the FCI Terre Haute staff have no concept of the meaning of the First Amendment. They either do not know or do not care that they often violate the rights of prisoners. They apparently believe that the Constitution of the United States stops at the razorwire.

Wherefore, Plaintiff requests this Court to:
1. Find that Defendants waive service due to their refusal to provide the addresses of the unserved Defendants,

    or in the alternative,

to construe this request as a Motion Pursuant to F.R.Civ.P. Rule 33 as an Interrogatory to the Defendant's Attorney to provide the addresses of the unserved Defendants, and;

2. Take judicial notice, as requested.

Dated: October __18__, 2007

Respectfully submitted,

_Bradford Metcalf_

Bradford Metcalf
#09198-040
P.O. Box 33
Terre Haute, Indiana 47808


<u>CERTIFICATE OF SERVICE</u>

I certify that on October __18__, 2007, I placed a true copy of:

REPLY TO

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND IN OPPOSITION TO

PLAINTIFF'S FIRST MOTION TO TAKE JUDICIAL NOTICE

in the U.S. Mail, first class, postage prepaid to:

AUSA Kenneth Adebonojo
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001

_Bradford Metcalf_

Bradford Metcalf