UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

DEC 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BRADFORD METCALF, )
     Plaintiff, )
     )
      v. )     Civil Action No. 07-0206 (ESH)
     )
FEDERAL BUREAU OF PRISONS, et al,)
     Defendants. )

---

## ORDERED RESPONSE TO
## DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER

    Comes now Plaintiff Bradford Metcalf, pro se, in response to the Defendants' Motion to Dismiss or to Transfer(hereinafter, Mot. to Dis.).

    There is an old lawyer's saw---it is something like, "When you can't win on the facts, argue the law; when you can't win on the law, argue the facts; when you can't win on the law or the facts, argue a different issue." The question which now arises from Defendants' Motion to Dismiss is (multiple choice):

    1. The Attorney for the Defendants:

      a. is a liar

      b. is misinformed

      c. did not read Plaintiff's Complaint

      d. has ignored the law Plaintiff cited

      e. has ignored the facts Plaintiff cited

      f. cannot win on the facts

      g. cannot win on the law

      h. [some combination, or all] of the above.

(This was a single question test.)

    Plaintiff has previously cited the pertinent, **on-point** case law in this case. The Defendants' Motion to Dismiss or to Transfer should be denied in its entirety for the following reasons(see Memorandum).

MEMORANDUM

ANSWER TO DEFENDANTS' BACKGROUND COMMENTARY

Numerous rejections of publications over the last eight years (ex. Exhibit 2, Complaint) have demonstrated a <u>continuous</u> denial of publications(see Exhibits 5,6,7,8--Complaint) which Plaintiff <u>clearly</u> stated in his administrative processes, that he had an evidentiary need to possess. The prison officials have continuously denied Plaintiff access to these publications based upon, "information inside the magazine that showed the complete breakdown of weapons which if obtained could endanger the security of the institution" (see P.1, Mot. to Dis.).

Defendants erroneously stated that Plaintiff alleged violations of First, Fifth and Sixth Amendment rights, see Mot. to Dis., @2, ¶1. In actuality, Plaintiff claims two(2) separate violations of First Amendment rights(free speech and access to the courts) and a Fifth Amendment(due process) violation for each publication denial. Plaintiff also claims Fifth Amendment(takings) violations in the **extortion** performed by BOP prison staff.

Defendant also erroneously stated that Plaintiff has complained that, "the BOP...unlawfully extorted monies from [him] and his family in order to pay [his] fees"(Mot. to Dis. @2, ¶2). The monies have been extorted in order to pay Plaintiff's **fines, not fees**. 28 CFR §545.10 allows for BOP staff to "help" inmates in developing a financial plan in order to meet their obligations. FCI Terre Haute staff(with full support of BOP staff) have interpreted this as "carte blanch" to **extort one hundred percent(100%) of a prisoner's "disposable income"**. That is, <u>all</u> monies above the average monthly monies deposited into a prisoner's trust fund account for the previous six (6) month period, minus a seventy five(75) dollar exemption for telephone use and the monies applied to fine payments for the previous six(6) months. As an example, if a prisoner had $200 per month deposited in his account, and previously paid $25 per month on his fine, he would be forced to pay $100 per month until his next contract at his next Unit Team meeting. This amount is calculated by taking the $200 deposited and subtracting the $75 per month telephone exemption, then subtracting the previous fine payment (200-75-25=100).

These monies are **extorted** under threat of punishment. If the prison-
er refuses to pay, he is assigned to a job which pays $5.25 per
month, moved from "premium housing", restricted in his purchases
from the commissary, etc.(this was the punishment inflicted upon
Plaintiff on June 8, 2004). The fine payments which have been col-
lected "UNDER DURESS" from Plaintiff, now exceed $1000, and rise $50
or more per month.

The damages which Plaintiff seeks, in the amount of $10 million
are for the denial of Plaintiff being able to file meaningful peti-
tions to the court, which has caused Plaintiff to spend nearly ten
(10) years of his life in prison **for crimes which he did not commit.**
Defendants request dismissal(Mot. to Dis. @3, ¶1) for:
1. Not properly pleading a Bivens action(?), except this is the
reason for Plaintiff's two(2) discovery requests---which Defen-
dants have patently ignored. Plaintiff has also requested injunc-
tive relief, and eventually, habeas relief.
2. The Court lacks personal jurisdiction over Defendants(?), ex-
cept that all named Defendants are **agents** of the Bureau of Pri-
sons, and therefore liable for their crimes(extortion, civil
rights violations, etc.) in the District of Columbia. The BOP,
Harley Lappin, and Michael Atwood also conduct their business--
physically-- in Washington, D.C.
3. Plaintiff has not properly served all Defendants(?), except,
**where possible,** Defendants(or their representative) have received
Plaintiff's Complaint. Plaintiff has been instructed through
court clerk staff that, if there is a deficiency, the Court will
bring it to Plaintiff's attention. Plaintiff has done what he can.
4. This is not the proper venue(?), except the BOP, and its **agents**
are properly in the venue of this Court.
5. The facts fail to raise a cause of action(?), except Defendants
appear to believe they can commit any crime and claim,"sovereign
immunity". If this Court will ORDER Defendants to answer Plain-
tiff's discovery requests, Plaintiff should be able to determine
exactly who has operated in their official capacities, and who
has operated in their individual capacities.
6. Plaintiff failed to exhaust administrative remedies(?), except

that Plaintiff has exhausted himself in attempting to exhaust his remedies. For over eight(8) years,Plaintiff has exhausted his remedies in a <u>long train of abuses</u> of his First and Fifth Amendment rights. The BOP has demonstrated that the administrative remedy process is ineffectual.

ANSWERS TO DEFENDANTS'
II STANDARD OF REVIEW

Plaintiff agrees with Defendant that,"...**pursuant to Rule 12(b)
(6), the court must construe the factual allegations in the complaint in the light most favorable to plaintiff,...**The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record."(Mot. to Dis. @3).

Where Plaintiff and Defendants disagree is in Defendants' statement of, "Here, Plaintiff has pled no facts in support of this action that would entitle him to relief." It appears the Defendants have not only ignored Plaintiff's Complaint, but also lost the twenty six(26) previous exhibits which <u>prove</u> Plaintiff's allegations. A simple perusal of Plaintiff's Complaint will demonstrate the fallacy of Defendants' claim.

ANSWERS TO DEFENDANTS'
III. ARGUMENTS

**III-A.** This Court lacks subject matter Jurisdiction(?), except that Plaintiff has filed his Complaint, outlining numerous, continuous, constitutional deprivations at the hands of Defendant BOP and its **agents**(the other named Defendants). The attorney for the Government appears to believe that there is no limit to the crimes and deprivations which the Defendants should be allowed to perform against Plaintiff. Defendants' attorney has steadfastly refused to answer discovery request_s of Plaintiff. Until such time as Plaintiff's discovery requests are answered, how exactly is Plaintiff supposed to determine which of the Defendants has operated outside of his/her allegedly official capacities?

Plaintiff has stated specifically that he seeks $10 million from

all Defendants(for the overall deprivations which have acted to keep him unlawfully incarcerated since 1998) for the callous indifference to federally protected rights of Plaintiff(see Samaritan Inns, Inc. v. District of Columbia, 114 F. 3d 1227,1239 (D.C. Cir. 1997), and Smith v. Wade, 103 S. Ct. 1625, 1640 (1982)). Additionally, Plaintiff seeks $100 thousand from each Defendant, for each individual deprivation performed against Plaintiff(i.e., deprivation of: 1) freedom of speech; 2) freedom of access to the courts; 3) right to due process; and 4) violation of the takings clause), so that each Defendant is liable for up to $300 thousand for each publication denial or $100 thousand for every month each Defendant has improperly "taken" monies from Plaintiff.

Defendants also state that Plaintiff seeks relief in the form of release from incarceration(Mot. to Dis. @4,¶1). On March 13, 2007, Plaintiff mailed a Motion to Hold Habeas Corpus Petition in Abeyance to each Defendant and this Court. Defendants stated that Plaintiff's Motion is not reflected on the Docket Sheet(Mot. to Dis.@2,footnote 1). Plaintiff filed this motion(see Exhibit 27) for two reasons---1) judicial economy; and 2) because Plaintiff wished to develop the facts(through discovery) before presenting the habeas portion.

The claims Plaintiff has made are sustainable on their own merit. When all of the facts are established(i.e., if Plaintiff is able to receive truthful answers to his discovery), it will be plain that Plaintiff is not only entitled to the relief he has requested in his Complaint, but also in his habeas petition.

Defendants' claim of lack of jurisdiction, **fails.**

**III-B.** This Court has no personal jurisdiction(?), except that the Defendants have submitted the necessary admissions that this Court does have personal jurisdiction, particularly over Defendants Lappin and Atwood(see Mot. to Dis. @4, footnote 4; @9, footnote 6). The Defendants' claim that this Court does not have jurisdiction, is ludicrous. **By the Defendants' own argument**, this Court does have jurisdiction over Defendants BOP, Lappin and Atwood(see Mot. to Dis. @5,¶last; @6,¶first) from subsections 1,3,4,5 of section (a) of D.C. Code§13-423, the "Long Arm" Statute, addressed seriatim:

(1) the BOP transacts all of its business in (and from) D.C.;

(3) by the failure of Defendants BOP, Lappin, and Atwood to <u>act</u> when Plaintiff requested, "tortuous"[sic](tortious) injury <u>did</u> occur to Plaintiff;

(4) same as (3), above;

(5) the BOP is using real property in D.C. at 320 First Street, N.W., Washington, D.C. 20534.

The other named Defendants are all **agents** of the Defendant BOP. If Defendants BOP, Lappin, and Atwood had properly acted, there would have been no cause(or jurisdiction) for this Court to consider. All named Defendants are properly under the jurisdiction of this Court, by their actions---and the inactions of Defendants BOP, Lappin, and Atwood.

Defendants' claim of lack of personal jurisdiction, **fails.**

**III-C.** Venue is improper(?), except that Plaintiff already addressed the habeas issue in a preceeding argument(see P.5, ¶2). A copy of Plaintiff's Motion to Hold Habeas Corpus Petition in Abeyance has been **remailed** to this Court and the attorney for the Defendants.

As to the Defendants' claim that Plaintiff's Complaint is improperly before this Court, again, Defendants have provided this Court with its venue(see Mot. to Dis.@10,¶2), "Under §1391(b), a Bivens cause of action may be brought only in a judicial district where: ...(2) a substantial part of the events or omissions giving rise to the claim occurred..."

As Plaintiff asserted in his previous argument(B), if Defendants BOP, Lappin, and Atwood would have acted, when requested, this case would not be before this Court because there <u>would not be</u> any cause of action.

Defendants' claim of improper venue, **fails.**

**III-D.** Plaintiff has not perfected service against Defendants(?), except that the Defendants have already stated that the addresses for Defendants Bezy and Carlson will **not** be made available to Plaintiff(see Defendants' Motion for a Protective Order @2, ¶1, dated October 10, 2007). Plaintiff requests this Court to make a finding that Defendants Bezy and Carlson---through their agent, their attorney, have effectively waived service under F.R.Civ.P.Rule 4(d).

The Defendants' claim that Service has not been perfected, **fails.**

**III-E.** Plaintiff fails to state a claim under Rule 12(b)(6)(?), except:

> **a.** Sovereign immunity does not apply to the Defendants who have used their position in the BOP---**to break the law!** Unless, that is, it is in the job description of the named Defendants to violate federal law, as codified in 18 USC§§ 2; 3; 241, et seq; 372; 872; 1505; 1951 et seq; etc.

The _facts_, as to the Defendants' culpabilities, should be determined by a _jury_. With Plaintiff's allegations and proofs, it can hardly be contested that Defendants have exceeded their statutory authority. But Defendants appear to believe that "sovereign immunity" allows any/all federal employees to commit any federal crime, with impunity, against anyone, at any time, for as long as it pleases those employees. This is not the purpose of government, nor is it a governmental privilege. The Defendants' own case law(see Clark v. Library of Congress, 750 F.2d 89,102,103(D.C. Cir. 1984)) states that,

> "...sovereign immunity does not bar suits for specific relief against government officials where the challenged actions of the officials are alleged to be unconstitutional or beyond statutory authority." Clark @ 102.

Plaintiff has complained of **exactly** the conduct for which Clark acknowledges relief _is_ available.

Defendants have also claimed that "sovereign immunity" protects them from suits because,"The United States has not waived its sovereign immunity for claims for money damages based on alleged constitutional violations"(see Mot. to Dis. @13, ¶2). Plaintiff filed two **tort claims** which were denied by the Government(see Exhibits 28 and 29--tort claims). The Government stated that Plaintiff could sue the Government if he was "dissatisfied with our agency's action." It appears the Government _has_ waived its sovereign immunity.

It should also be noted that Plaintiff has requested **injunctive** and, eventually, **habeas** relief---both conditions which negate Defendants' sovereign immunity claim.

For all of the above reasons, Defendants' "sovereign immunity" claims, **fail.**

**b.** Plaintiff fails to allege facts raising a claim(?), except Defendants' arguments are twaddle.

**1.** The Shotgun News claims.

Plaintiff has explained the constitutional violations in his Complaint. He has shown the case law as it pertains to the issues he raised. Coincidently, the Defendants cite the same case law. The "reasonableness test" described by Defendants has been shown by Plaintiff to have been misapplied, in his Complaint. The Defendants wasted nearly a whole page in their Motion to Dismiss(P 14) arguing an issue which Plaintiff <u>did not raise</u>---the "all or nothing rule"("...when you can't win on the law or the facts...").

Not only do the Defendants have the **wrong facts**(i.e., the Shotgun News is not a "publication about assembling guns"---it is a wholesaler's publication showing what is available to the shooting community; also Plaintiff is **not** incarcerated at a maximum security prison; etc.), but Defendants have **not** shown that any penological interest is served by denying Plaintiff these publications. In fact, Defendants have patently refused to answer Plaintiff's discovery requests pertaining to **exactly** how institution security is threatened by pictures of a pile of gun parts. Defendants' security concerns are merely bald assertions. Defendants have failed to explain how Plaintiff is supposed to be able to procure the parts, procure the receiver(the framework) of the "weapon", or procure the ammunition to feed the "weapon". Nor has the Defendant made any statement about the procurement of tools to put the whole thing together. Perhaps Plaintiff can use a Magic Wand---except Plaintiff does not have one of these either.

With no penological interest served, Defendants denied Plaintiff his right to **free speech**.

During the same time period Plaintiff was denied access to the Shotgun News, other prisoners were receiving it---<u>by subscription</u>(see Complaint, Exhibit 10, copy of Shotgun News cover, May 1, 2002 for James Bowen, #19378-001, subscription expiring on Apr 01 03). **Equal protection** was denied Plaintiff.

The Shotgun News carries advertisements which show Plaintiff did not necessarily have a **mens rea**(see Complaint, Exhibit 4, "A license is not required to buy these kits"), but Plaintiff was sentenced to thirty(30) years imprisonment for possession of three(3) of these very same types of kits. By denying Plaintiff access to this type of publication, Defendants denied Plaintiff **access to the courts.**

No neutral party observing the Defendants' actions could reasonably state that the Defendants did not deny Plaintiff his constitutionally <u>guaranteed</u> rights of **free speech, equal protection** and **access to the courts.** The Defendants claim of Plaintiff failing to allege facts raising a claim, **fails.**

2. Plaintiff's fee related claims(?).

Again, Defendants have their **facts wrong!** Plaintiff did not complain of the taking of monies in order to pay his FEES. He complained because the FCI Unit Team (as well as all other initially named Defendants) have mandated Plaintiff to pay ONE HUNDRED PERCENT(100%) of his "disposable income" towards the payment of his <u>FINE</u>. This "disposable income" **does** <u>not</u> take into account the payment of FEES, mailings, photocopies(at $0.15/copy), or necessary commissary items. 28 CFR <u>suggests</u> $25 per quarter, unless a prisoner is working at Unicor(the "premium" prison industry). Unicor workers must only pay one half($\frac{1}{2}$) of their earnings toward their fines.

Amazingly, Defendants assert, "Plaintiff is not compelled to participate...", and,"there are adverse consequences for non-participation."(Mot. to Dis. @16, ¶1). Most certainly, one can refuse to "participate" to the tune of one hundred percent (100%) of his "disposable income", but at what price? There are adverse consequences for the victims of kidnapping, blackmail, and extortion. The victim can "pay" or accept the "consequences". In Plaintiff's case, when the monies his family had sent him were not timely processed by the FCI's business office(June 8, 2004), Plaintiff was punished with a $25 per month commissary spending limit; removal to a filthy, hot, stinking housing unit; and loss of his $12 per month job. Plaintiff has previously asserted that he has no problem with

participating in the Inmate Financial Responsibility Program (IFRP) at $25 per quarter---the 28 CFR suggestion. The BOP ignores, not only the fact that their takings exceed federal garnishment statutes fourfold, but also that courts(in the 7th and 9th Circuits, for example) have determined that only the sentencing court can set the payment schedule---not the BOP. The setting of a payment schedule by anyone other than the sentencing court denies **due process**(see Exhibit 30--- United States v. Pandiello, 184 F.3d 682,688 (7th Cir. 1999), and Soroka v. Daniels, 467 F. Supp.2d 1097-99 (D.Or. 2006)).

The Defendants claim that, "Clearly, the BOP is within its discretion to ensure maximum participation amongst inmates." (Mot. to Dis.@16, ¶1). The Code of Federal Regulations does not trump federal statutory law or the Constitution of the the United States. When the BOP violates **federal law** to **extort** prisoners and their families, it is not within its discretion (see garnishment statutes at 15 USC§§ 1672,73). The fact that Plaintiff has signed the last six(6) payment contracts **"UNDER DURESS"** is ample proof that he has been **extorted**. The Court is requested to take judicial notice that the monies extorted have exceeded $1000(see 18 USC§ 1951(b)(2) **extortion under** color of federal right; and 18 USC§ 872 extortion by officers or employees of the United States).

Defendants' claim that the amounts taken are relatively small, and thus inconsequential, is **ludicrous**. Since prisoners are paid SLAVE WAGES, the taking of $51-61 a month is not in- consequential. The ONE HUNDRED PERCENT(100%) "takings" are the standard at FCI Terre Haute and threaten to be so else- where. The monies demanded of prisoners to pay their FINES are garnishment(see 15 USC§ 1672,Definitions), and the Defen- dants have exceeded their statutory authority in "taking" by four hundred percent; and denied Plaintiff **due process.**

Defendants' claim that Plaintiff has failed to state a claim under Rule 12(b)(6), **fails.**

**III-F.** Defendants are entitled to immunity from suit(?), except that the degree of the Defendants' culpability, and whether or not they acted in their individual or official capacities, remains to

be seen. Since Defendants have answered no discovery requests of
Plaintiff, it is not possible to tell. The **facts** as to the Defen-
dants' culpabilities in official/individual capacities(and the asso-
ciated immunities, or lack thereof), may need to be determined by a
**jury**.

Defendants have asserted a right to qualified immunity(Mot. to
Dis. @17, ¶1) based upon, "...[t]he contours of the right [were]
sufficiently clear that a reasonable official would [have] under-
st[ood] that right." Plaintiff clearly explained in his administra-
tive remedy processes(see Exhibits 5,6,7,8) and Notices to the
Defendants(see Exhibit 16) that their actions clearly violated
Plaintiff's rights. The problem is, the Defendants have almost
always gotten away with their bad behavior.

It would appear that Defendants do not believe Prisoners have
any constitutional rights, but compare Shaw v. Murphy, 149 L.Ed.2d
420 (2001)(Incarceration does not divest prisoners of all federal
constitutional protections; thus inmates retain the right to,...,
and certain protections of the Constitution's First Amendment).

The Defendants have been warned so many times of the explicit
denials of Plaintiff's rights, that their actions can only be de-
scribed as having **evil motive or intent**, or **callous indifference**
(see Samaritan Inns Inc. v. District of Columbia, 114 F.3d 1227,
1239 (D.C. Cir. 1997)(Punitive damages available for evil motive or
intent, or reckless or callous indifference to the federally pro-
tected rights of others)(also see Smith v. Wade, 103 S.Ct.1625,
1640 **(1982))**.

Consequently, Defendants' argument of immunity, **fails**.

III-G. Plaintiff failed to exhaust administrative remedies(?), except
Plaintiff has exhausted himself in exhausting his remedies. It would
appear that Defendants are also becoming exhausted because they have
changed their tactic of simply refusing Plaintiff's complaints---to
simply refusing to acknowledge Plaintiff's complaints. That is, as
Plaintiff complains, the BOP ignores.

The ability of Plaintiff to even complain about the denial of
publications has become problematic because Defendants have simply
ignored their obligation under 28 CFR§ 540.13 Notification of Rejec-
tion(see Exhibit 31) to notify Plaintiff of the denial of those

publications. This new, _illegal_ policy of the FCI Terre Haute staff
has become incessant. Defendants often do not update their publica-
tion rejection notices(see Exhibit 32), or fail to issue a notice
at all(see Exhibits 33 and 34). As Plaintiff writes this Motion,
there are two(2) more requests pending for which Plaintiff has,
not received rejection notices for publications which have been
sent.

The courts have regularly ruled that, "A prisoner's administra-
tive remedies are deemed exhausted when a valid grievance has been
filed and the state's time for responding thereto has expired."(see
Powe v. Ennis, 177 F.3d 393,394 (5th Cir. 1999)). Also if a prison-
er cannot appeal a decision, and is denied a decision, the prisoner
has sufficiently exhausted "available" remedies(see Foulk v. Char-
rier, 262 F.3d 687,698 (8th Cir. 2001); Taylor v. Dr. Barnett, 105
F. Supp.2d 483,486 (E.D. Va. 2000)).

The **ignoration** by Defendants does not only extend to rejection
notices. When the warden does not have a valid response to an admin-
istrative remedy request, he simply ignores it too(see Exhibit 35).
The remedy which Defendants claim was not exhausted, was simply
**ignored** by the warden. Plaintiff treated the **ignoration** as a denial
and continued to file with the regional and central offices, who
also promptly **ignored** the warden's **ignoratons**. Since most courts
hold when the administrative remedy process is **ignored**, Plaintiff
_has_ exhausted his remedies.

This **isn't the first** time Plaintiff has exhausted this issue(see
Exhibit 36). These denials have been continuous since Plaintiff
arrived in Terre Haute---more than eight(8) years ago(see Exhibit 37).

The BOP has made the administrative remedy process totally inef-
fectual, which renders it no remedy at all. Plaintiff has received
blanket denials on a dozen other issues(e.g. overcrowding, excessive
noise levels, law library access, ventilation, etc.).

The BOP's censorship continues on in other areas. Plaintiff has
had his First Amendment rights violated by institution staff in
Plaintiff's requests for Inter Library Loan books(see Exhibit 38).

BOP censorship also stretches to outgoing mail, some of which
Plaintiff was hoping to get published(see Supplemental Complaint,
dated, August 21, 2007). These writings were intended to raise

public awareness of Plaintiff's case, which at the time, was before
the Supreme Court of the United States.

Defendants' claim that Plaintiff failed to exhaust his admin-
istrative remedies, is a lie, and consequently, **fails.**

**III-H.** Any claims not dismissed should be transferred to the District
of Indiana(?), except that this case is properly before this Court.
Defendants, typically, argue different issues than those which apply
to Plaintiff. Defendants' arguments(Starnes v. McGuire, 512 F.2d 918
(D.C. Cir. 1974);see Mot. to Dis. @20)fail because Starnes is, "...
involving the construction or constitutionality of a federal statute
..." Plaintiff's Complaint does not challenge the "construction or
constitutionality of a federal statute." Plaintiff has complained
about the constitutional right deprivations and misapplication(and
implementation) of federal **regulations**, which have been assented to
at the highest levels in the BOP---in Washington, D.C.

Contrary to Defendants' claims, the following issues do pertain:
1) The lead Defendants(BOP, Lappin,Atwood) are based, and operate
from, the District of Columbia;
2) Without the lead Defendants' assent, none of these complaints
would have been filed in any court;
3) The issues raised, must be adjudicated in a Court which has
authority over the BOP, because the staff at FCC Terre Haute
ignore decisions of other courts(see Exhibit 30, United States
v. Pandiello, 184 F.3d 682 (7th Cir. 1999), and Soroka v. Daniels,
467 F. Supp.2d 1097 (D. Or. 2006)---in which it has been deter-
mined that only a court can set the amount and timing of fine
payments---not the BOP, or their **agents**). The staff at FCC Terre
Haute will only do what they are forced to do by the BOP, which
in turn, will only do what this Court orders.
4) The policies of the BOP are of national importance. The reach
of the BOP goes throughout fifty states, with over one hundred
(100) institutions nationwide(Mot. to Dis. @10, ¶3). Anything
adjudicated in the District of Columbia will pertain to the BOP
on a national level. Otherwise, a simple transfer of a prisoner
can restart the same constitutional deprivations of which Plain-
tiff has complained.
5) The issues of: (a) proximity to counsel; (b) transference of

the prisoner; (c) availability of witnesses; (d) speed of resolution---are irrelevant.

6) The testimony of high level BOP officials, if necessary, can resolve the questions of exactly who is culpable of what. The most efficient place for resolution of this Complaint is exactly where it is right now.

Defendants' claims that any claims not dismissed should be transferred to the District of Indiana, **fails.**

<u>CONCLUSION</u>

Defendants' strategy in this case appears to be to obfuscate the issues. The Defendants have lied or argued different(or irrelevant) issues throughout their pleadings.

Plaintiff hereby incorporates all of his previous pleadings to this Court, into his Complaint.

Wherefore, the Defendants' Motion to Dismiss or to Transfer, for the above reasons, should be denied in its entiety.

Respectfully submitted,

Dated: December _13_, 2007

_Bradford Metcalf_

Bradford Metcalf
#09198-040
P.O. Box 33
Terre Haute, Indiana 47808

<u>CERTIFICATE OF SERVICE</u>

I certify that on December _13_, 2007, I placed a true copy of:

ORDERED RESPONSE TO

DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER

in the U.S. Mail, first class, postage prepaid, to:

AUSA Kenneth Adebonojo
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001

_Bradford Metcalf_

Bradford Metcalf

Exhibit 27

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRADFORD METCALF,                    )
        Plaintiff,                   )
                                     )
        v.                           )        Civil Action No. 07-0206
                                     )
FEDERAL BUREAU OF PRISONS, et al,    )
        Defendants.                  )

---

## MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE

   Comes now, Plaintiff Bradford Metcalf, pro se, requesting that
this Court   hold the habeas corpus section of his Complaint and
Petition for a Writ of Habeas Corpus, in abeyance until the dispo-
sition of the issues raised in the Complaint.


   In the interest of JUDICIAL ECONOMY, Plaintiff added his request
for a Petition for a Writ of Habeas Corpus to his Complaint. Since
the Petition may cloud Plaintiff's rights to discovery and relief
requested in his Complaint, Plaintiff requests this Court to refrain
from considering his Habeas petition until the facts have been
totally developed in his complaint and those facts have been adjud-
icated.

   Wherefore, Plaintiff requests this Court to hold the Habeas Cor-
pus section of his Complaint, in abeyance.

                              Respectfully submitted,

Dated: March 13, 2007         _Bradford Metcalf_

                              Bradford Metcalf  #09191-040
                              P.O. Box 33
                              Terre Haute, Indiana 47808

<u>CERTIFICATE OF SERVICE</u>

This certifies that on the following dates, service of:

MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE

were made to:

General Counsel, Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

_3/13/07_
Date

Harley Lappin, Director
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

_3/13/07_
Date

Michael Atwood, Chief Trust Fund Administrator
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

_3/13/07_
Date

Michael Nalley, Regional Director
Federal Bureau of Prisons
400 State Avenue
Tower II, Suite 800
Kansas City, Kansas 66101

_3/13/07_
Date

Mark Bezy, Warden, Retired
Address unknown to Plaintiff
but known to FBOP

_3/13/07_
Date

R.V. Veach, Warden
FCC Terre Haute
4700 Bureau Road, South
Terre Haute, Indiana 47802

_3/13/07_
Date

D. Carlson, Unit Manager
FCI Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_3/13/07_
Date

## CERTIFICATE OF SERVICE (Cont.)

R. Baskerville, Case Manager
FCI Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_____ 3/13/07 ____
                      Date

R. Erwin, Counselor
FCI Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_____ 3/13/07 ____
                      Date

### UNKNOWN PRISON STAFF

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_____
                      Date

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_____
                      Date

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_____
                      Date

FCC Terre Haute
4200 Bureau Road, North
Terre Haute, Indiana 47802

_____
                      Date

_____
Bradford Metcalf

Exhibit 28



U.S. Department of Justice

Federal Bureau of Prisons

*North Central Regional Office*

---

Tower II, 8th Floor
4th and State Avenue
Kansas City, KS 66101

April 10, 2007

Memorandum For: Bradford Metcalf, Reg. No. 09198-040
Federal Correctional Institution
P.O. Box 33
Terre Haute, Indiana 47808

From: Richard W. Schott, Regional Counsel

Subject: Tort Claim No. TRT-NCR-2007-00365
Alleged Personal Injury Loss: $200,018.90

Certified Receipt No. 7002 0510 0003 9677 2344

The above referenced tort claim has been considered for administrative review pursuant to 28 CFR § 0.172, Authority: Federal Tort Claim and 28 CFR Part 14, Administrative Claims Under Federal Tort Claims Act. Review of the investigation of your claim did not reveal that you suffered any personal injury loss as the result of the negligent acts or omissions of Federal Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 CFR § 14.9, Final Denial of Claim. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six (6) months after the date of the mailing of this notification.

cc: File



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

October 27, 2006

Bradford Metcalf
09198-040
FCI Terre Haute

      Re: Administrative Claim for Damages
      Claim #:     TRT-NCR-2007-00365    $     200,018.90

Dear Claimant:

This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

Your properly completed claim was received on <u>October 19, 2006</u>. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such proper claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until <u>April 17, 2007</u>.

Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                Sincerely,

                Rick Schott
                Regional Counsel

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| North Central Regional Office Attn. Of: Regional Counsel's Office Gateway Complex, Tower II, 8th Floor 4th and State Avenue Kansas City, Kansas 66101 | Metcalf, Bradford 09198-040 P.O. Box 33 Terre Haute. Indiana 47808 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY N/A ☐CIVILIAN | Oct.6,1951 | N/A | August 15-Oct.,2006 | N/A |

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)* On Aug. 15,2006, my wife sent me three(3) magazines through Barnes and Noble Bookseller. All three(3) were refused. One was returned to its sender(see attached photocopy of BOP envelope) two(2) weeks later. The Shotgun News(Vol. 60,Issue 24,September 4, 2006) was denied on the misdated(June 13,2006) **Rejected Publication** notice (see attached), ostensibly for [unspecified] security reasons. Since I already know how to assemble and disassemble firearms, the BOP excuse for rejection is **totally** invalid. See attached affidavit. These acts denied claimant his personal property, his First Amendment right to free speech, and First Amendment right to access the court.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Monetary loss of publications--------------$18.90
Injurious act which denied claimant's free speech right---------$100,000.00
Injurious act which denied claimant's access to the court-------$100,000.00

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Wendy Roel, A.W. Diane Gossman, mailroom | FCC Terre Haute FCC Terre Haute |

**12. (See instructions on reverse)    AMOUNT OF CLAIM (In dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $200,018.90 | N/A | $200,018.90 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Bradford Metcalf* | N/A | Oct.15,2006 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

*(Please Print Clearly)*

BRADFORD   METCALF
09198 - 040
PO BOX 33

DELIVERY CONFIRMATION NUMBER:
0306 1070 0003 1936 0892

Postmark
Here

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
*www.usps.com* ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel
(See Reverse)

PS Form 152, May 2002

---

Barnes & Noble Bookseller
2439 Sycamore Road
DEKALB, IL 60115
815-787-3234 08-15-06 S02123 P003

STORE RECEIPT COPY

Wizard of Oz with Jewel          5.59
9780694013197
DISCOUNT          0.99 - 1.40

SEND
RIFLE SHOOTER                    3.99N
0079025946251

SEND
SMALL ARMS REVIEW                4.95N
0074470821716

SEND
SHOTGUN NEWS                     3.99N
0070088905164

DELIVERY CHG                     5.97N

SUB TOTAL                       24.49
SALES TAX                         .42
TOTAL                           24.91

AMOUNT TENDERED
CHECK                           24.91

ACCT #:             *************
CHECK #:            01092
AUTH CODE:          140540

TOTAL PAYMENT                   24.91
    Thank You for shopping at
    Barnes & Noble Booksellers

MORE SEND TO:

BRADFORD  09198040 METCALF
P.O. BOX 33
TERRE HAUTE, IN 47808
40360 08-15-06 01-092 Jennif

BRADFORD   METCALF
    09198-040

P.O. BOX  33
TERRE HAUTE, INDIANA
         47808

3 Magazines

# SHOTGUN NEWS

GUN SALES, STORIES & INFORMATION

*Celebrating 60 Years of Publishing*

Volume 60, Issue 24 | SEPTEMBER 4, 2006

shotgunnews.com

CELEBRATING **60 YEARS SGN**

*Also Inside . . .*

## Czech out the vz52

Sagadata pg. 16

## Loading the 7.62 Nagant

Shell pg. 34

## Best or Just Different?

Details

page 10



# 13 Rounds of Pocket Firepower...

"The Para-Ordnance Hawg 9, a 24-ounce double stack featuring the company's bushingless recoil system and massive, dead-reliable Power Extractor... may well be the perfect platform for the 9mm Parabellum."

- *Guns & Ammo Magazine*

## Para

**Find out more!**



**PYRAMYD AIR GUN MALL**

Largest inventory and assortment of Air guns, Air gun ammunition and Air gun accessories. Best Airsoft guns and accessories to choose from.

www.PyramydAir.com or call 888-262-4867. All major manufacturers from "A" to "Z". Dealers are very welcome to contact us. Email sales@pyramydair.com

**GUN AUCTION Oct. 28**
Kull & Supica, Topeka, KS
500 guns. Consignments wanted. Old Town Station 913-492-3000
**ArmsBid.com**

**RIVERBANK ARMORY**
M1 Carbine & Garand Parts
www.riverbankarmory.com 209-869-5576
G Liakos, PO Box 85, Riverbank CA 95367

**WWW.JTDISTRIBUTING.COM**
AR 15 SPECIALISTS
See our ad inside

**BE A GUN DEALER**
Questions? Home FFL OK!
FREE HELP: 805-687-1416 PT
Best Record Books, Guides, Supplies
for Dealers, Collectors, and Gunsmiths
BK ENTERPRISES (Since 1981)

WANTED
Overseas Contractors High Risk Security



Barnos' Noble
#3 123
2739 Sycamore Rd
DeKalb, IL. 60115

Madison
U.S. Department of Justice
Federal Bureau of Prisons
U.S. Penitentiary
4200 Bureau Road North
P.O. Box 33
Terre Haute, IN 47808-0033

Official Business
Penalty for Private Use $300

BOP Envelope



**U.S. Department of Justice**

Federal Bureau of Prisons

_United States Penitentiary_
_Terre Haute, Indiana_

Date:   June 13, 2006

Reply to
Attn off   Mark A. Bezy, Warden

Subject:   Rejected Publication

To:   Bradford Metcalf   Register #09198-040

RE:  Shotgun News Magazine    (Volume 60 - Issue 24)

The above named publications/materials  from **the above named magazines**  has been rejected
in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10),
which provides in part:

> **The Warden may reject a publication if it determined detrimental to the security,**
> **good order, or discipline of the institution or if it might facilitate criminal activity.**

> **The above named publication has been rejected as it has been determined that it**
> **contains information on the practice of assembling and disassembling of fire arms,**
> **which could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent
review of this rejection by writing to the North Central Regional Director, Federal Bureau of
Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty
(20) days of receipt of that copy.

cc:    Shotgun News
         P.O. Box 420125
         Palm Coast, Fl. 32142-7405

Misdated  Shotgun  News  Rejection

AFFIDAVIT OF BRADFORD METCALF
REJECTION OF PUBLICATIONS

1. On August 15,2006, my wife Loris Tompkins, sent me three magazines through Barnes and Noble Bookseller: a Shotgun News; a Small Arms Review; and a Rifle Shooter.

2. At some unkown point(between August 15-30,2006), the "warden" rejected the Shotgun News, Volume 60, Issue 24, September 4,2006 and sent me a misdated(June 13,2006) rejection notice, signed by Wendy Roel.

3. The Small Arms Review and Rifle Shooter were held for several more weeks before I received a telephone call from FCC Terre Haute mailroom employee, Diane Gossman.

4. Ms. Gossman informed me I could not have the Small Arms Review, but she would send the "other magazine" on to me.

5. I received another misdated(June 13,2006) **Rejected Publication** notice for the Small Arms Review on, or about, September 8,2006.

6. Approximately two(2) weeks later(on or about September 22,2006), I asked a Records/Mailroom employee to locate the third magazine (Rifle Shooter) because I had not received it.

7. The Records/Mailroom employee made a telephone call, then told me he had just spoken to Ms. Gossman, who told him that she had sent both magazines back to the sender.

8. My wife Loris Tompkins, reported that, as of September 30,2006, Barnes and Noble Bookseller has not received either the Small Arms Review nor the Rifle Shooter back from FCC Terre Haute.

Further Affiant saith naught.

Dated: October 14,2006

*Bradford Metcalf*
Bradford Metcalf

*Signed and Sworn before me October 14, 2006.*
*Mary Ellen Collins, Notary*
*State of Indiana, County of ____*
*Com. exp. 03-22-2008*

*Rec'd about
8 Sept. 06*



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:    June 13, 2006

Reply to
Attn of:  Mark A. Bezy, Warden

Subject:  Rejected Publication

To:    Bradford Metcalf    Register #09198-040    2C

RE:    Small Arms Review    (Volume 12)

The above named publications/materials from **the above named magazines** has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

> **The Warden may reject a publication if it determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

> **The above named publication has been rejected as it has been determined that it contains information on the practice of assembling and disassembling of fire arms, which could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:    Small Arms Review
    Moose Lake Publishing, LLC
    631 N. Stephanie Street  #562
    Henderson, NV.  89014

Misdated Small Arms Review Rejection

Exhibit 29



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

November 9, 2006

Bradford Metcalf, 09198-070
FCI Terre Haute
PO Box 33
Terre Haute IN 47808

> Re: Administrative Claim for Damages
> Claim #: _____ TRT-NCR-2007-00277 ____ $____ 100,000,000.00 _____

Dear Claimant:

This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

Your properly completed claim was received on <u>September 28, 2006</u>. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such proper claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until <u>March 27, 2007</u>.

Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

Sincerely,

Richard W. Schott
Regional Counsel

General Counsel                                          Sept. 21, 2006
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Re: Tort Claim

Dear Sir or Madam,

    The enclosed Tort Claim is being filed with your office because:
1) Washington, D.C. is the location of the Bureau of Prisons and one
of the future defendants; and
2) the D.C. District Court is where I will be filing my lawsuit when
my Tort Claim is denied.
    Venue is correct.

                     Sincerely,

                     *Bradford Metcalf*

                     Bradford Metcalf
                     09198-040
                     P.O. Box 33
                     Terre Haute, Ind. 47808

Encl. Tort Claim

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**
General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

**2. Name, Address of claimant and claimant's personal representative, if any.** *(See instructions on reverse.) (Number, street, city, State and Zip Code)*
Bradford Metcalf 09198-040
P.O. Box 33
Terre Haute, Ind. 47808

| 3. TYPE OF EMPLOYMENT ☐ MILITARY N/A ☐ CIVILIAN | 4. DATE OF BIRTH Oct 6,1951 | 5. MARITAL STATUS N/A | 6. DATE AND DAY OF ACCIDENT the past seven(7) years | 7. TIME (A.M. OR P.M.) ---------- |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof. Use additional pages if necessary.)* For the past seven(7) years(+), the Federal Bureau of Prisons, by and through its employees, has continuously denied me access to firearms publications which I have needed to prove my innocence, using the excuse that the publications violate security. I have repeatedly explained, through the administrative remedy process that these publication denials deny my: 1) access to the courts, and 2) right to free speech. As a result of these denials, I face yet another three hundred six-teen(316) months of imprisonment.

| 9. | PROPERTY DAMAGE |
|---|---|

**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** *(Number, street, city, State, and Zip Code)*
N/A

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.** *(See instructions on reverse side.)*
N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

**STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.** I have been irreparably damaged by my inability to gather appropriate information to submit to the courts(see attached denials).

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS** *(Number, street, city, State, and Zip Code)* | |
| N/A | N/A | |

| 12. *(See instructions on reverse.)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| **12a. PROPERTY DAMAGE** | **12b. PERSONAL INJURY** | **12c. WRONGFUL DEATH** | **12d. TOTAL** *(Failure to specify may cause forfeiture of your rights.)* |
| N/A | $100,000,000.00 | N/A | $100,000,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM**

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Bradford Metcalf* | N/A | Sept. 21,2006 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |
|---|---|

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**U.S. Department of Justice**

Federal Bureau of Prisons

_United States Penitentiary_
_Terre Haute, Indiana_

Date:        July 17, 2000

Reply To
Attn Of:     Harley G Lappin Warden

Subject:     Rejected Publication

To:          Bradford Metcalf
             Reg. No. 09198-040 (2C)

This is to advise you that a package addressed to you has been received at this institution which contains a publication that is inappropriate for use by confined individuals in accordance with Bureau of Prisons Program Statement 5266.09, entitled Incoming Publications. This policy provides that a Warden may reject publications that could be used in a detrimental way to interfere with the orderly operation or security of the institution.

The contents of this publication, SHOTGUN NEWS, Volume 54, Issue 19, 2000, reveal photographs of weapons which could be used in a detrimental way to interfere with the orderly operation or security of the institution.

Specifically, the publication, depicts photographs of weapons in broken down form on the front cover, pages 33,34,35,59,90,111,187, and back cover.

Therefore, you will not be permitted to obtain this publication.

You have the right to appeal this decision through the Administrative Remedy procedure within 20 days of this memorandum.

In addition, pursuant to the above-referenced Program Statement and regulation, this material will be retained for 20 days, in order to provide you with the opportunity to review the publication should you decide to appeal this decision under the Administrative Remedy procedure. You may submit an Inmate Request to the Legal Department to conduct a review of this material if you choose to appeal this decision.

 **U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary*
*Terre Haute, Indiana*

Date:   November 9, 2000

Reply To
Attn Of:   Harley G Lappin   Warden

Subject:   Rejected Material

To:   Bradford Metcalf
      Reg. No. 09198-040 (C2)

This is to advise you that a package addressed to you has been received at this institution which contains an illustrated layout of a weapon that is inappropriate for use by confined individuals in accordance with Bureau of Prisons Program Statement 5265.11, entitled Correspondence. Bureau of Prisons policy provides that a Warden may reject correspondence that could be used in a detrimental way to interfere with the orderly operation or security of the institution.

Specifically, the illustrated layout depicts a full scale weapon in broken down form. Therefore, you will not be permitted to obtain this publication.

You have the right to appeal this decision through the Administrative Remedy procedure within 20 days of this memorandum.

In addition, pursuant to the above-referenced Program Statement and regulation, this material will be retained for 20 days should you decide to appeal this decision under the Administrative Remedy procedure. It has been determined that this material could be used in a detrimental way to interfere with the orderly operation or security of the institution, therefore, you will not be permitted to view this material.

TO: (Sender – See Return Address)

Loris
P.O. Box 15546
Evansville, In 47716

FROM: (Institution)

INMATE'S NAME: Metcalf, Bradford C    D2

REGISTER NUMBER: 09198-040

DATE: 10-12-01

(Check One)

Material Returned

____ You enclosed with your correspondence stamps or stamped items that cannot be given to the inmate.

____ You enclosed with your correspondence an incorrectly prepared negotiable instrument. *(Negotiable instruments require the inmate's committed name and register number.)*

____ You enclosed unauthorized material:

____ Body Hair

____ Plant Shavings

____ Sexually Explicit Personal Photos

✓ Other – specify below

____ The below material cannot be inspected without damage.

____ Electronic Musical Greeting Card

____ Padded Card

____ Double Faced Polaroid Photos

____ Other – specify below

The correspondence or letter has, however, been provided to the inmate with a copy of this notice.

Specific Material Returned   This MATerial WAS Rejected due to BOP Program Statement 5266.8. Incoming Publication that interfere with the security of the Institution. Shoot MAGAzine october 2001 Issue.

(Printed or Typed Name and Written Signature of Legal Technician)   J. Edwards, Sr Edu ISO   Mail Room.

DISTRIBUTION:
Original – **Addressee** (with material)
Yellow – Inmate
Pink – Mail Room File
Goldenrod – Central File

USP LVN

BP-328(58)
JANUARY

BP-S328.058  STAMPS, NEGOTIABLE INSTRUMENT & OTHER RETURNED TO SENDER  CDFRM
APR 94

U.S. DEPARTMENT OF JUSTICE                                   FEDERAL BUREAU OF PRISONS

| TO: (Sender - See Return Address) | FROM: (Institution) |
|---|---|
| LORIS.<br>P.O. BOX 471<br>SYCAMORE, IL.   60178 | United States Penitentiary<br>P.O. Box 33<br>Terre Haute, IN 47808 |

| INMATE'S NAME: | REGISTER NUMBER: | DATE: |
|---|---|---|
| BRADFORD METCALF | 09198-040 | September 8, 2003 |

Material Returned

Newspaper. **Newspaper or Newspaper-like materials may be received directly from the publisher** only.

The correspondence inclosed with your mailing has been forwarded to inmate BRADFORD METCALF.

| Printed or Typed Name of Staff Rejecting Material | Written Signature of Staff rejecting material |
|---|---|
| D. GOSSMAN | *D. Gossman* |

Record Copy - Addressee (with material); Copy - Inmate; Copy - Mail Room File; Copy - Central File.

(This form may be replicated via WP)                     Replaces BP-328(58) of JAN 91

Inmate Copy

K:\GROUPS\ISM\bp328s\09198-040.367.wpd
This file has been saved as K:\GROUPS\ISM\bp328s\09198-040.367.wpd, if you make any changes, save
them and overwrite this file.



*Rec'd*
*31 July 06*

**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:  June 13, 2006

Reply to
Attn of:  Mark A. Bezy, Warden

Subject:  Rejected Publication        2C

To:  Metclaf, Bradford #09198-040
RE:  Shotgun News

The above named publications/materiasl from **SHOTGUN NEWS**  has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

**The Warden may reject a publication if it determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

**The above named publication has been rejected as it has been determined that it contains information showing the complete breakdown of weapons which if obtained could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:     SHOTGUN NEWS
        P.O. BOX 1790
        PEORIA, IL. 61656



Rec'd
30 Aug, 06

**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date: June 13, 2006

Reply to
Attn of: Mark A. Bezy, Warden

Subject: Rejected Publication

To: Bradford Metcalf    Register #09198-040            C

RE: Shotgun News Magazine    (Volume 60 - Issue 24)

The above named publications/materials from **the above named magazines** has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

> **The Warden may reject a publication if it determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**
>
> **The above named publication has been rejected as it has been determined that it contains information on the practice of assembling and disassembling of fire arms, which could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:    Shotgun News
       P.O. Box 420125
       Palm Coast, Fl. 32142-7405

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Metcalf, Bradford K. | 09198-040 | C | FCI Terre Haute |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** **PART IX 1 of 2-** On August 29, 2006, I submitted a BP-8 because I had not been given <u>properly dated</u> rejection notices on numerous incoming publications. That BP-8 was <u>NOT</u> returned (after 14 days). This BP-9 is Part <u>1</u> of 2.

Relief Requested: A document which has the titles and issues of all my rejected incoming publications for the months of June-September, 2006, with the <u>respective dates</u> of rejection. Also, please note <u>exactly</u> who was ~~responsix~~ responsible for each decision to reject (I need "<u>who</u>","<u>what</u>" and "<u>when</u>").
Thank you. *14 Sept, 2006*    *Bradford Metcalf*

---

_____                         _____
          DATE                                         SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                         _____
          DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                  CASE NUMBER: _____

                                                CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          ☸          _____
          DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)      BP–229(13)

Exhibit 30

**682**            **184 FEDERAL REPORTER, 3d SERIES**

conclude that Uno–Ven misrepresented its intent to aggressively market the "76" brand in early 1996, the plaintiff's fraud claim was appropriately denied on summary judgment. Similarly, in the absence of misrepresentation, or other improper activity, Stop–N–Go has failed to establish a viable claim for tortious interference with contract. We therefore AFFIRM the decision of the district court.



**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leandro PANDIELLO, Defendant–Appellant.**

**No. 98–2427.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1998.

Decided July 15, 1999.

Defendant pleaded guilty in the United States District Court for the Northern District of Indiana, James T. Moody, J., to two conspiracy charges and a firearm violation and received prison terms as well as a restitution order. Defendant appealed. The Court of Appeals, Diane P. Wood, Circuit Judge, held that: (1) restitution order that delegated to the Inmate Financial Responsibility Program (IFRP) the determination of how much defendant would be required to pay in restitution while incarcerated was plain error; (2) evidence supported finding that conspirators inflicted a bodily injury so as to warrant sentence enhancement; (3) bodily injury enhancement can apply even if injuries do not require medical attention, if there is evidence in the record that they were pain-

ful and obvious; (4) defendant received adequate notice that injuries to a particular victim might be considered for enhancement purposes; (5) damage to vehicles by coconspirators was foreseeable to defendant; and (6) defendant did not withdraw from conspiracy so as to avoid liability for subsequent acts of coconspirators.

Affirmed in part, vacated and remanded in part.

**1. Criminal Law ☞1313(2)**

For purposes of upward departure under Sentencing Guidelines, finding that conspirators who invaded home and held victims at gunpoint inflicted a bodily injury was justified merely on basis of FBI agent's testimony that he observed red welt on victim's forehead and indentations on his back that looked like a shoe imprint, but was further supported by victims' accounts corroborating agent's testimony. U.S.S.G. § 2B3.2(b)(4)(A), 18 U.S.C.A.

**2. Criminal Law ☞1158(1)**

District court's finding of bodily injury, as basis for upward departure under Sentencing Guidelines, is reviewed for clear error only. U.S.S.G. § 2B3.2(b)(4)(A), 18 U.S.C.A.

**3. Criminal Law ☞1139**

Whether red welts were severe enough to warrant bodily injury enhancement under Sentencing Guidelines presented a legal question about the meaning of the Guidelines and hence triggered de novo review by Court of Appeals. U.S.S.G. § 2B3.2(b)(4)(A), 18 U.S.C.A.

**4. Criminal Law ☞1254**

Red welts and shoeprint mark on back of victim, who was held at gunpoint in his home by conspirators, were sufficient to trigger bodily injury enhancement under Sentencing Guidelines, even if they did not require medical treatment, in view of fact that they were painful and obvious. U.S.S.G. § 2B3.2(b)(4)(A), 18 U.S.C.A.

his co-conspirators in crafting Pandiello's order of restitution.

[14] We are more concerned by Pandiello's final assignment of error. Pandiello contends that the restitution order diverged from the statutory requirements of 18 U.S.C. §§ 3663 and 3664 in certain particulars. Because Pandiello did not assert this objection at the sentencing hearing, we review it for plain error only. Fed. R.Crim.P. 52(b); *United States v. Martin*, 128 F.3d 1188, 1190 (7th Cir.1997). Given this standard of review, only one of his contentions merits discussion.

[15] The restitution order directed that "[t]he restitution shall be paid in equal monthly installments during the period of incarceration through the Inmate Financial Responsibility Program" and in installments of $200 per month during the period of supervised release. Though this order makes clear that Pandiello is to make monthly payments and sets the amount of these payments once Pandiello leaves prison, it does not specify how much must be paid monthly while Pandiello is incarcerated. We doubt that the district judge intended Pandiello to decide, so apparently the amount to be paid is left to the judgment of the Inmate Financial Responsibility Program ("IFRP").

This may seem like an insignificant detail, but in fact it implicates a fundamental principle of our form of government. There is a well developed body of law in this circuit and elsewhere holding that a court may not delegate to another, usually a probation officer, its judicial authority to set the amount or timing of restitution or fine payments. *E.g., United States v. Arellano*, 137 F.3d 982, 986 (7th Cir.1998); *United States v. Mohammad*, 53 F.3d 1426, 1438–39 (7th Cir.1995); *United States v. Murphy*, 28 F.3d 38, 42 (7th Cir.1994); *United States v. Ahmad*, 2 F.3d 245, 248–49 (7th Cir.1993); *United States v. Boula*, 997 F.2d 263, 269 (7th Cir.1993); *United States v. Mortimer*, 94 F.3d 89, 91 (2d Cir.1996); *United States v. Miller*, 77 F.3d 71, 78 (4th Cir.1996); *United States v. Graham*, 72 F.3d 352, 356–57 (3d Cir. 1995). This court has not yet had occasion to pass on the propriety of delegation to the IFRP rather than to a probation officer. But the concerns about shifting responsibility from the Article III judge to another entity are the same in both cases. We therefore conclude, as did the Second Circuit, that delegation of authority to set the timing or amount of restitution payments is impermissible in this situation as well. *Mortimer*, 94 F.3d at 91.

[16–19] Moreover, this defect is significant enough to constitute plain error. An error is "plain" if it is clear under established law and affects a substantial right. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even then, judicial discretion demands that the error be corrected only when it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 736, 113 S.Ct. 1770. As the numerous cases cited above illustrate, established law does not permit the judge to delegate authority over a core sentencing decision. Such unauthorized delegation "deprives the defendant of a substantial right" and constitutes "a serious structural defect" affecting the integrity of the judicial proceedings. *Mohammad*, 53 F.3d at 1439; see also *United States v. Albro*, 32 F.3d 173, 174 n. 1 (5th Cir.1994) (per curiam).

Accordingly, while we AFFIRM Pandiello's sentence, we must VACATE the restitution order and REMAND this matter to the district court for entry of a restitution order that specifies the amount as well as the timing of restitution payments.



NIED on all remaining causes of action in the Complaint.



**Charles Paul SOROKA, Petitioner,**

**v.**

**Charles DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

**No. CV 06–841–MA.**

United States District Court,
D. Oregon.

Dec. 5, 2006.

**Background:** Following conviction for bank robbery, and imposition of sentence that included restitution order but no restitution schedule for period of incarceration, federal prison inmate brought habeas corpus petition challenging Bureau of Prisons' (BOP) placement of him in "Inmate Financial Responsibility Program Refuse" (IFRP Refuse) status, which had led to imposition of sanctions by BOP.

**Holding:** The District Court, Marsh, J., held that imposition of sanctions for failure to acquiesce in BOP's own repayment schedule was not in accordance with law, warranting habeas relief.

Petition granted.

**1. Habeas Corpus ⟜513**
   **Sentencing and Punishment ⟜2206**

Bureau of Prisons' (BOP) imposition of sanctions against federal prison inmate for his failure to acquiesce in BOP's Inmate Financial Responsibility Program (IFRP) restitution repayment schedule was not in accordance with law, warranting

writ of habeas corpus; sentencing court, although declaring Mandatory Victims Restitution Act (MVRA) restitution "due during period of imprisonment," had not established specific schedule of payments to be collected during incarceration, and BOP lacked authority to substitute its own schedule. 5 U.S.C.A. § 706(2)(a); 18 U.S.C.A. § 3664; 28 U.S.C.A. § 2241.

**2. Sentencing and Punishment ⟜2206**

Only sentencing court has authority to set schedule of restitution payments for federal inmate during period of incarceration; that authority cannot be delegated to Bureau of Prisons (BOP).

Stephen R. Sady, Chief Deputy Federal Defender, Portland, OR, for Petitioner.

Karin J. Immergut, United States Attorney, Scott Erik Asphaug, Assistant United States Attorney, Portland, OR, for Respondent.

**OPINION AND ORDER**

MARSH, District Judge.

This matter is before the Court on petitioner Soroka's Petition for Writ of Habeas (# 1) pursuant to 28 U.S.C. § 2241. For the following reasons, the court GRANTS the Petition.

[1] Petitioner pleaded guilty to three counts of bank robbery and, in September 2004, was sentenced to 63 months imprisonment. The court ordered petitioner to pay restitution to the victimized banks in the amount of $7,980.00 pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3664. Specifically, as part of the Judgment, the court imposed the following conditions relating to

the schedule of restitution payments during the period of supervised release:

> Restitution is due and owing in full; If there is any unpaid balance *at the time of defendant's release from custody,* it shall be paid at the maximum installment possible and not less than $50.00 per month.

*See* Schedule of Payments—Supervised Release, ¶ D (emphasis added).

The court also provided for restitution payments while petitioner remained imprisoned:

> Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, *payment of criminal monetary penalties shall be due during the period of imprisonment.* All criminal monetary penalties, *except those payments made through the Federal Bureau of Prisons' Inmate* Financial Responsibility Program, are made to the clerk of the court....

*Id.* (Emphasis added).

After his term of imprisonment began in September 2004, petitioner entered into an agreement with BOP to pay $25.00 per quarter under the Bureau of Prisons' voluntary Inmate Financial Responsibility Program (IFRP) towards repayment of the restitution penalty. That amount was later increased to $50.00 per quarter. In May 2006, petitioner changed his mind and refused to make further restitution payments during his incarceration. As a result, BOP placed petitioner in "IFRP Refuse" status, and has since imposed a number of sanctions against him based on his failure to agree voluntarily to make restitution payments for the remainder of his imprisonment.

[2] Petitioner's habeas claim is limited to the proposition that, under *U.S. v. Gunning,* 401 F.3d 1145 (9th Cir.2005) (*Gun-*

*ning II*), decided after his sentence was imposed, only the court has the authority to set a schedule of restitution payments while petitioner is in prison and that authority cannot be delegated to BOP. *See also U.S. v. Gunning,* 339 F.3d 948 (9th Cir.2003) (*Gunning I*)(the court may not delegate the scheduling of restitution payments to the Probation Office). Petitioner does not challenge the constitutionality of the MVRA or BOP's authority, generally, to use the IRFP to collect fines or restitution assessed against him by the court while he is incarcerated, as long as the monthly schedule of payments is set by the court, not BOP.

Accordingly, petitioner seeks an order vacating BOP's decision to place him in "IFRP Refuse" status, vacating BOP's sanctions imposed against him, and restoring him "to the position he would have been but for BOP's wrongful actions."

Respondent argues *Gunning II* is distinguishable because petitioner's restitution was "due and payable immediately and petitioner 'has the choice whether to make any payments at all while he is incarcerated.'"

I disagree. In this case, as in *Gunning II,* the sentencing court did not establish a specific schedule of restitution payments to be collected by BOP while petitioner was serving his prison sentence. BOP's action in doing so under the IFRP, therefore, was unlawful. Accordingly, I conclude the imposition of sanctions against petitioner for his failure to acquiesce in BOP's IFRP restitution payment schedule for petitioner was not in accordance with law. 5 U.S.C. § 706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").

### CONCLUSION

For these reasons, the court GRANTS petitioner's Petition for Writ of Habeas

Corpus (# 1), and ORDERS BOP to vacate its decision to place him in "IFRP Refuse" status, to vacate all sanctions it imposed against him, and to restore petitioner to the position he would have been but for BOP's decision to place him in "IFRP Refuse" status.

IT IS SO ORDERED.



**PUEBLO OF ZUNI, Plaintiff,**

v.

**UNITED STATES of America; et al., Defendants.**

**No. CV 01–1046 WJWPL.**

United States District Court, D. New Mexico.

Oct. 11, 2006.

**Background:** Indian tribe brought putative class action seeking damages for the government's alleged failure to pay the full contract amounts under contracts between Indian tribes and the Indian Health Service (IHS) that were awarded under the Indian Self–Determination and Education Assistance Act (ISHA). Government moved to dismiss certain claims for lack of subject matter jurisdiction.

**Holdings:** The District Court, Johnson, J., held that:

(1) requirement of Contract Disputes Act (CDA) that claims be presented to contracting officer required dismissal of unexhausted claims for unpaid contract sums under ISDA;

(2) Indian tribe did not have authority under ISHA to bypass CDA exhaustion requirement;

(3) unexhausted claims were insufficiently similar to facts of exhausted claims to excuse requirement;

(4) failure to exhaust could not be excused on grounds of futility;

(5) exhaustion could not be excused on basis of reliance on order in separate class action suit against different agency.

Motion granted in part.

See also 467 F.Supp.2d 1114.

**1. Federal Civil Procedure ⟐2533.1**
   **Federal Courts ⟐33**

A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts on a motion to dismiss for lack of jurisdiction and reference to such materials does not convert motion into one for summary judgment. Fed.Rules Civ.Proc.Rules 12(b), 56, 28 U.S.C.A.

**2. Administrative Law and Procedure ⟐229**

Issue of whether plaintiff exhausted administrative remedies, such that court had jurisdiction over claims, did not need to be deferred pending ruling on class certification, as issue could be determined at pleading stage on motion to dismiss for lack of subject matter jurisdiction. Fed. Rules Civ.Proc.Rule 12(b), 28 U.S.C.A.

**3. United States ⟐125(7)**

Terms of government's consent to be sued in any court define that court's jurisdiction to entertain the suit.

**4. United States ⟐125(16)**

Contract Disputes Act (CDA) operates as a limited waiver of sovereign immunity, subject to its two jurisdictional requirements: contractor must have presented a written claim to the contracting officer, and that contracting officer must

Exhibit 31

must be marked "Special Mail—Open only in the presence of the inmate".

## Subpart B—Correspondence

SOURCE: 50 FR 40109, Oct. 1, 1985, unless otherwise noted.

### § 540.10  Purpose and scope.

The Bureau of Prisons encourages correspondence that is directed to socially useful goals. The Warden shall establish correspondence procedures for inmates in each institution, as authorized and suggested in this rule.

### § 540.11  Mail depositories.

The Warden shall establish at least one mail depository within the institution for an inmate to place outgoing correspondence. The Warden may establish a separate mail depository for outgoing special mail. Each item placed in a mail depository must contain a return address (see § 540.12(d)).

[50 FR 40109, Oct. 1, 1985, as amended at 64 FR 32171, June 15, 1999]

### § 540.12  Controls and procedures.

(a) The Warden shall establish and exercise controls to protect individuals, and the security, discipline, and good order of the institution. The size, complexity, and security level of the institution, the degree of sophistication of the inmates confined, and other variables require flexibility in correspondence procedures. All Wardens shall establish open general correspondence procedures.

(b) Staff shall inform each inmate in writing promptly after arrival at an institution of that institution's rules for handling of inmate mail. This notice includes the following statement:

The staff of each institution of the Bureau of Prisons has the authority to open all mail addressed to you before it is delivered to you. "Special Mail" (mail from the President and Vice President of the U.S., attorneys, Members of the U.S. Congress, Embassies and Consulates, the U.S. Department of Justice (excluding the Bureau of Prisons but including U.S. Attorneys), other Federal law enforcement officers, State Attorneys General, Prosecuting Attorneys, Governors, U.S. Courts (including U.S. Probation Officers), and State Courts) may be opened only in your presence to be checked for contraband.

This procedure occurs only if the sender is adequately identified on the envelope and the front of the envelope is marked "Special Mail—Open only in the presence of the inmate." Other mail may be opened and read by the staff.

If you do not want your *general* correspondence opened and read, the Bureau will return it to the Postal Service. This means that you will not receive such mail. You may choose whether you want your general correspondence delivered to you subject to the above conditions, or returned to the Postal Service. Whatever your choice, special mail will be delivered to you, after it is opened in your presence and checked for contraband. You can make your choice by signing part I or part II.

PART I—GENERAL CORRESPONDENCE TO BE RETURNED TO THE POSTAL SERVICE

I have read or had read to me the foregoing notice regarding mail. I do not want my general correspondence opened and read. I REQUEST THAT THE BUREAU OF PRISONS RETURN MY GENERAL CORRESPONDENCE TO THE POSTAL SERVICE. I understand that special mail will be delivered to me, after it is opened in my presence and checked for contraband.
(Name) _____
(Reg. No.) _____
(Date) _____

PART II—GENERAL CORRESPONDENCE TO BE OPENED, READ, AND DELIVERED

I have read or had read to me the foregoing notice regarding mail, I WISH TO RECEIVE MY GENERAL CORRESPONDENCE. I understand that the Bureau of Prisons may open and read my general correspondence if I choose to receive same. I also understand that special mail will be delivered to me, after it is opened in my presence and checked for contraband.
(Name) _____
(Reg. No.) _____
(Date) _____

Inmate (Name), (Reg. No.), refused to sign this form. He (she) was advised by me that the Bureau of Prisons retains the authority to open and read all general correspondence. The inmate was also advised that his (her) refusal to sign this form will be interpreted as an indication that he (she) wishes to receive general correspondence subject to the conditions in part II above.
Staff Member's Signature _____
Date _____

(c) Staff shall inform an inmate that letters placed in the U.S. Mail are placed there at the request of the inmate and the inmate must assume responsibility for the contents of each letter. Correspondence containing

threats, extortion, etc., may result in prosecution for violation of federal laws. When such material is discovered, the inmate may be subject to disciplinary action, the written material may be copied, and all material may be referred to the appropriate law enforcement agency for prosecution.

(d) The inmate is responsible for filling out the return address completely on envelopes provided for the inmate's use by the institution. If the inmate uses an envelope not provided by the institution, the inmate is responsible for ensuring that the envelope used contains all return address information listed on the envelope provided by the institution.

[50 FR 40109, Oct. 1, 1985, as amended at 64 FR 32171, June 15, 1999]

### § 540.13  Notification of rejections.

When correspondence is rejected, the Warden shall notify the sender in writing of the rejection and the reasons for the rejection. The Warden shall also give notice that the sender may appeal the rejection. The Warden shall also notify an inmate of the rejection of any letter addressed to that inmate, along with the reasons for the rejection and shall notify the inmate of the right to appeal the rejection. The Warden shall refer an appeal to an official other than the one who originally disapproved the correspondence. The Warden shall return rejected correspondence to the sender unless the correspondence includes plans for or discussion of commission of a crime or evidence of a crime, in which case there is no need to return the correspondence or give notice of the rejection, and the correspondence should be referred to appropriate law enforcement authorities. Also, contraband need not be returned to the sender.

### § 540.14  General correspondence.

(a) Institution staff shall open and inspect all incoming general correspondence. Incoming general correspondence may be read as frequently as deemed necessary to maintain security or monitor a particular problem confronting an inmate.

(b) Except for "special mail," outgoing mail from a pretrial inmate may

Exhibit 32

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Metcalf, Bradford K__  _____09198040_____  ____C____  __FCI Terre Haute__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A– INMATE REQUEST**  I submitted a BP-8 on August 29, because I have not received magazines which my wife sent through Barnes and Noble Booksellers on Aug.16,2006. I requested a status report on those magazines at the mail-room openhouse on Aug.24,2006. What I received today in the institution mail, was a rejection notice from June13,2006 on another mailing. This certainly cannot be your response to my BP-8?

　　Relief requested: My magazines, or a notice of rejection with the proper date  and the _specific_ _articulable_ reasons for rejection (i.e, the page number of the offending picture).  *Bradford Mitcalf*

__31 Aug 06__
　　DATE　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____　　　　　_____
　　　　DATE　　　　　　　　　　　　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**　　　　CASE NUMBER: _____

　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

_____
　　DATE　　　　　　　　　　　　　　　RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN　　　　　　　　　　　　　　　　　　　　　　　　　　　　BP–229(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　APRIL 1982



*Rec'd about*
*30 June, 06*

**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:   June 13, 2006

Reply to
Attn of:   Mark A. Bezy, Warden

Subject:   Rejected Publication

To:   Metclaf, Bradford #09198-040 (2c)
RE:   Shotgun News

The above named publications/materiasl from **SHOTGUN NEWS** has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

> **The Warden may reject a publication if it determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**
>
> **The above named publication has been rejected as it has been determined that it contains information showing the complete breakdown of weapons which if obtained could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:   SHOTGUN NEWS
P.O. BOX 1790
PEORIA, IL. 61656



*Rec'd*
*3) July 06*

**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary*
*Terre Haute, Indiana*

Date:   June 13, 2006

Reply to
Attn of: Mark A. Bezy, Warden

Subject:   Rejected Publication        *2 C*

To:   Metclaf, Bradford #09198-040
RE:   Shotgun News

The above named publications/materiasl from **SHOTGUN NEWS** has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

> **The Warden may reject a publication if it determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

> **The above named publication has been rejected as it has been determined that it contains information showing the complete breakdown of weapons which if obtained could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:   SHOTGUN NEWS
P.O. BOX 1790
PEORIA, IL. 61656



Rec'd
30 Aug, 06

**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
**Terre Haute, Indiana**

Date:  June 13, 2006

Reply to
Attn of  Mark A. Bezy, Warden

Subject:  ~~Rejected Publication~~

To:  Bradford Metcalf    Register #09198-040

C

RE:  Shotgun News Magazine   (Volume 60 - Issue 24)

The above named publications/materials  from **the above named magazines**  has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

> **The Warden may reject a publication if it determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

> **The above named publication has been rejected as it has been determined that it contains information on the practice of assembling and disassembling of fire arms, which could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:    Shotgun News
       P.O. Box 420125
       Palm Coast, Fl.  32142-7405



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:  June 13, 2006

Reply to
Attn of:  Mark A. Bezy, Warden

Subject:  Rejected Publication

To:  Bradford Metcalf    Register #09198-040

RE:  Small Arms Review   (Volume 12)

The above named publications/materials from **the above named magazines** has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

> **The Warden may reject a publication if it determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

> **The above named publication has been rejected as it has been determined that it contains information on the practice of assembling and disassembling of fire arms, which could endanger the security of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:    Small Arms Review
       Moose Lake Publishing, LLC
       631 N. Stephanie Street  #562
       Henderson, NV.  89014

Exhibit 33

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Metcalf, Bradford K. | 09198-040 | C | FCI Terre Haute |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**   **PART XX 1 of 2-** On August 29, 2006, I submitted a BP-8 because I had not been given properly dated rejection notices on numerous incoming publications. That BP-8 was NOT returned (after 14 days). This BP-9 is Part 1 of 2.

  Relief Requested: A document which has the titles and issues of all my rejected incoming publications for the months of June-September, 2006, with the respective dates of rejection. Also, please note exactly who was responsible for each decision to reject (I need "who", "what" and "when").
Thank you. *14 SEPT. 2006*   *Bradford Metcalf*

| DATE | SIGNATURE OF REQUESTER |
|---|---|

**Part B– RESPONSE**

*see attached*

| DATE | WARDEN OR REGIONAL DIRECTOR |
|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _#428140-F1_

                                                 CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

*9-22-06*
DATE                         RECIPIENT'S SIGNATURE (STAFF MEMBER)         BP-229(13)
                                                                          APRIL 1982
USP LVN

Remedy# 428140-F1

# PART B - RESPONSE

This is in response to your Request for Administrative Remedy receipted September 22, 2006, in which you request copies of rejected publications for the months of June through September, 2006, with the respective dates of the rejection.

A review of mail room records reveals that three (3) issues of <u>Shotgun News</u> and one (1) issue of <u>Small Arms Review</u> were rejected from June 2006, through September 2006.  Copies of these rejections were sent to you through regular mail channels.

On October 4, 2006, the Inmate Systems Manager personally discussed this issue with you.  However, it was noted that the date on each of the rejection memorandums was June 13, 2006.

You have been granted relief in part, as the mail room has been instructed to ensure that the correct date is noted on the rejection memorandums.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Street, 4th & State Avenue, Kansas City. Kansas 66101.  Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_10·23·06_
Date

_____
R. V. Veach, Warden

Exhibit 34

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**            **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mail room | DATE: 24 April 07 |
|---|---|
| FROM: Metcalf, Bradford K | REGISTER NO.: 09198-040 |
| WORK ASSIGNMENT: Chapel | UNIT: C |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

My wife sent me (through Barnes & Noble) Diesel Power, Rifle Shooter and Shotgun News magazines (1 ea.). I received the first two but have not received the Shotgun News (April 20 2007). Status please. Bradford Metcalf

I W8

(Do not write below this line)

DISPOSITION: As of right now, we have not received your material.

| Signature Staff Member | Date 4-25-07 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

♲ Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| FROM: | REGISTER NO.: |
| WORK ASSIGNMENT: | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Do not write below this line)

DISPOSITION:




| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94


Printed on Recycled Paper

Attachment 1
Page 1 (front)
THA 1330.13G

U. S. PENITENTIARY/FEDERAL PRISON CAMP

Terre Haute, Indiana

INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM
== ======================================================== ==

INMATE'S NAME: Metcalf, Bradford REG. NO.: 09198-040 UNIT: C

DATE/TIME COMPLAINT RECEIVED FROM INMATE: 10 May, 07 2:55 PM

NATURE OF COMPLAINT: I have not received the Shotgun News which arrived at this in-stitution 3 weeks ago. Neither have I received a rejection notice. Relief: My magazine delivered or a rejection notice with the name of the rejector legibly printed on the notice. Bradford Metcalf

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:

_SEE ATTACHED_

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT: _____

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____

We Sent The Inmate A copy of his Rejection Letter Signed By M.ss Roach.

DATE 5-16-07

INMATE'S SIGNATURE: _____

SIGNATURE INDICATES INMATE'S ACCEPTANCE OF RESOLUTION



Rec'd
23May07



**U.S. Department of Justice**

Federal Bureau of Prisons

_United States Penitentiary_
**Terre Haute, Indiana**

Date:   April 18, 2007
Reply to
Attn of:   Wendy J. Roal, Associate Warden

Subject:   Rejected Publication

To:   Bradford Metcalf  # 09198-040

RE:   Shotgun News (April 31, 2007 Issue)

The above named publications/materials  from **the above named magazines**  has been rejected
in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10),
which provides in part:

> **The Warden may reject a publication if it is determined detrimental to the security,
> good order, or discipline of the institution or if it might facilitate criminal activity.**

> **The above named publication has been rejected as it has been determined that it
> contains information on the practice of assembling and disassembling of fire arms,
> which could endanger the security of the institution.   (See pages 76 and 77).**

A copy of this notification has been sent to the publisher/sender who may obtain an independent
review of this rejection by writing to the North Central Regional Director, Federal Bureau of
Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty
(20) days of receipt of that copy.

cc:   Shotgun News
      P.O. Box 420125
      Palm Coast, FL.  32142

Exhibit 35

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

| From: Metcalf, Bradford K. | 09198-040 | C | FCI Terre Haute |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A- INMATE REQUEST **PART 2of 2-** On August 29, 2006, I submitted a BP-8 because I had not been given properly dated rejection notices on numerous incoming publications. That BP-8 was NOT returned (after 14 days). This BP-9 is Part 2 of 2.

For the past seven (7) years, the staff of [USP/FCI] Terre Haute have denied me access to only the most highly redacted copies of the Shotgun News and other firearms related publications. These publications have been essential to fighting my case which, coincidently, is almost entirely about illegal weapons. The BOP has denied my right to prove my innocence.

The following United States Supreme Court decisions demonstrate how the Federal Bureau of Prisons (and its staff) have denied my constitutional rights in three ways: **1)** Freedom of speech (see Thornburgh v. Abbot, 104 L. Ed 2d 459(1989); also Procunier v. Matinez, 40 L. Ed 2d 224(1974)). **2)** Access to the courts (see Lewis v. Casey, 135 L. Ed 2d 606(1996); also Bounds v. Smith, 52 L. Ed 2d 72(1977)). **3)** Equal treatment (see Tucker v. Branker, 142 F 3d 1294(D.C. Cir. 1998)).

These publications have in no way (and can not) threaten the security of the institution for several reasons:

| 14 Sept. 2006 | (see attached) |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

Attachment to Part 2 of 2

**A)** Unless this institution is prepared to allege that I could "origami" a gun together, simply looking at gun parts cannot threaten anything. I am already a gun designer/builder. I already know how to build guns without looking at pictures. **B)** Building a conventional firearm at this institution is NOT feasible. **C)** Getting the parts sets into this institution (as previously suggested by BOP staff as a reason for the rejected publications), is impossible. **D)** Since there is NO machine shop at FCI Terre Haute, the manufacture of a receiver for the weapons sets, is impossible. **E)** The procurement of ammunition to feed the above (impossible) weapons, is impossible.

There is no legitimate penal interest in denying me access to these publications, regardless of what any photograph may depict, unless denying me my day in court is a legitimate penal interest.

Relief Requested: Cease and desist from further depravations of my **constitutional** rights and allow these firearms publications into my possession. I suggest you place this BP-9 before your staff attorney, so that he/she may explain the implications of a denial.

14 September, 2006    _Bradford Metcalf_

Case 1:07-cv-00206-ESH    Document 40-2    Filed 12/17/2007    Page 50 of 77

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Metcalf, Bradford K.__      __09198-040__      __C__      __FCI Terre Haute__
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** My BP-9 was submitted on September 14, 2006. The institution did not bother to respond by 34 days later. The denial of my incoming publications is adequately described in the attached <u>copy</u> of the BP-9I submitted earlier. XXXXXXXXXXXXXXXXXXXXXXXXXX

__October 18, 2006__      _Bradford Metcalf_
       DATE             SIGNATURE OF REQUESTOR

**Part B—RESPONSE**

OCT 2 5 2006

_____      _____
      DATE             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: __431321-R1__

**Part C—RECEIPT**

      CASE NUMBER: _____

Return to: _____  _____  _____  _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____      _____
      DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-DIR-10
April 1982

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: OCTOBER 24, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : BRADFORD METCALF, 09198-040
      TERRE HAUTE FCI    UNT: 2    QTR: C04-083L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID     : 431321-R1      REGIONAL APPEAL
DATE RECEIVED : OCTOBER 23, 2006
SUBJECT 1     : INCOMING PUBLICATIONS (INCL. REJECTION OR CONFISCATION)
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Metcalf, Bradford K | 09198-040 | C | FCI Terre Haute |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**   The Warden did not bother to timely respond to my BP-9.
The Region refused to accept my BP-10. My BP-9 adequately described the
problem (see attached).XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

November 2, 2006

_____
DATE

_Bradford Metcalf_
_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

# RECEIVED

NOV 1 3 2006

**Administrative Remedy Section**
**Federal Bureau of Prisons**

_____
DATE

ORIGINAL: RETURN TO INMATE

_____
GENERAL COUNSEL

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.              UNIT              INSTITUTION

SUBJECT: _____

_____
DATE

PRINTED ON RECYCLED PAPER

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 20, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BRADFORD METCALF, 09198-040
      TERRE HAUTE FCI    UNT: 2    QTR: C04-083L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE, IN 47808


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 431321-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : NOVEMBER 13, 2006
SUBJECT 1      : INCOMING PUBLICATIONS (INCL. REJECTION OR CONFISCATION)
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 2: SEE REMARKS.

REMARKS        : WE CONCUR WITH THE REGION'S RATIONALE FOR REJECTING
                 THIS APPEAL.

Exhibit 36

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE** · **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr Barnett | DATE: 30 Oct. 03 |
|---|---|
| FROM: Bradford Metcalf | REGISTER NO.: 09198-040 |
| WORK ASSIGNMENT: Corr. Ord. | UNIT: C |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

On numerous occasions, my wife (Loris Tompkins) has sent me commercial publications (the Shotgun News) in order to help me fight a portion of my case. When she sends these, she "blacks out" the expanded views of firearms parts sets in order to conform with 28 CFR. There have been times when I have needed these blacked out sections in order to properly prepare filings to the court. I request these publications be allowed in, even though they are in a newspaper format. Thank you. Bradford Metcalf

(Do not write below this line)

DISPOSITION:

SEE ATTACHED —

| Signature Staff Member T.R. Barnett ISM | Date 10/31/03 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Attachment 5
THA-1330.7H
08-01-89



U. S. PENITENTIARY / FEDERAL PRISON CAMP
TERRE HAUTE, INDIANA

# INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.7, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative remedy".

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.7, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

## ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

SECTION I:  ( TO BE COMPLETED BY INMATE.)

INMATE'S NAME: Bradford Metcalf    REG. NO.: 09198-040    UNIT: C

NATURE OF COMPLAINT: Numerous times in the past, I have been refused incoming publications which were marked, "legal research/defense mat'l" Such publications as the Shotgun News — which are needed to fight my case — are routinely turned away. I talked with Mr Barnett on this. Bradford Metcalf 4Nov, 03.

SECTION II:   (TO BE COMPLETED BY CORRECTIONAL COUNSELOR)

DATE/TIME COMPLAINT RECEIVED FROM INMATE: 11 6-0 3

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: Our mailroom staff indicate they do not routinely turn these magazines away. This is done on a case by case basis. Such things as instructions detailing the assembly of weapons are not authorized and would be rejected whether it was classified as legal or not. J. Evans, CM(2)

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT:

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____ DATE _____

INMATE'S SIGNATURE: _____
SIGNATURE INDICATES INMATE'S ACCEPTANCE OF RESOLUTION

**Federal Bureau of Prisons**

_Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse._

**From:** _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** Complainant has been consistently denied publications in his incoming mail that he needs in order to fight his [firearms] case (e.g. the Shotgun News).

**Grounds for Relief:**

In order to effectively fight these allegations, complainant needs access to firearms publications depicting the types of weapons he is accused of possessing, e.g. The Shotgun News, et. al.

Previous to the recent curtailing of newspapers coming from any source complainants' wife would shade out any "offensive" depictions with a magic marker. 28 C.F.R. § 540.71 (b) — the procedure used to previously deny these publications — states that the warden may deny a publication, "only" if it might facilitate criminal activity. The Warden may not reject a publication solely because its content is...Philosophical, political, ... or because its content is unpopular or repugnant." Also, it states that the Warden may deny a publication, "only if it is determined detrimental to the security, good order, or discipline of the institution or if it might facilitate Clause (b)(1), one of the types of publications which may be rejected, states, "It depicts or describes procedures for the construction(sic

**DATE** 21 Nov 03        **SIGNATURE OF REQUESTER** _____

**Part B– RESPONSE**

SEE ATTACHED

**DATE** _____      **WARDEN OR REGIONAL DIRECTOR** _____

_If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response._

**SECOND COPY: RETURN TO INMATE**      **CASE NUMBER:** 317451–F1

     **CASE NUMBER:** _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**SUBJECT:** _____

**DATE** November 24, 2003      **RECIPIENT'S SIGNATURE (STAFF MEMBER)** _____

USP LVN      PRINTED ON RECYCLED PAPER      BP-229(13) APRIL 1982

or use of weapons, ammunition,..." The [formerly] "offensive" depictions
have merely been broken down parts sets which are available to the public
without license or registration.

These pictures are of no threat to institution security for several rea-
sons:  A) the parts sets are unavailable to the inmate population; B) There
is no machine shop at USP-THA in which to duplicate those parts sets; C)
the weapons sets depicted are always more complex than could be constructed
from any materials available to inmates.

Complainant is the last person that would want to see firearms within
this compound and can confidently state that the depictions in the reject-
ed publications can, in no way, be construed as a threat to institution
security.

Further denial of access to these publications denies complainant access
to the courts, a First Amendment violation — an action which could deprive
institution staff of qualified immunity in future litigation.

RELIEF REQUESTED:

1. That the Shotgun News, et. al., be allowed in unless there is a
   showing of a specific articulable threat to institution security.

2. That any related material marked "legal research/defense material"
   be allowed in unless there is a showing of a specific articulable
   threat to institution security.

3. That any rejection of incoming material be held until complainant
   is notified and given an opportunity to resolve the rejection before
   said material is returned to sender.

4. Appointment of an attorney to deal with this problem through all
   future proceedings.

5. Awarding of $25,000.00 in punitive damages.

ALL PREVIOUS FILINGS AND DOCUMENTS ARE ATTACHED IN REGARDS TO THIS CASE.

Respectfully submitted,

Bradford Metcalf
#09198-040
P.O. Box 33
C-unit
USP-THA

Remedy ID #317451-F1

## PART B - RESPONSE

This is in response to your Request for Administrative Remedy receipted November 24, 2003, in which you request that you be allowed to receive Shotgun News from any source so that you may appeal your firearms charge. You further request that this publication be allowed provided sections that may pose security threats are "blacked out" with a magic marker.

Bureau of Prisons Program Statement 5266.10, Incoming Publications, dated January 10, 2003, section 6 (a) (2), states, "At medium security, high security and administrative institutions, an inmate may receive soft cover publications (for example, paperback books, newspaper clippings, magazines and other similar items) **only** from the publisher, from a book club, or from a bookstore."

Section 6 (b), states further in part, "Publications which may be rejected by a Warden include but are not limited to publications which meet the following criteria:

(1) It depicts or describes procedures for the construction or use of weapons, ammunition, bombs or incendiary devices.

Because Shotgun News falls within the above-referenced criteria, you may not receive the publication at this institution.

Accordingly, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Gateway Complex, Tower II, 8th Floor, 4th & State Avenue, Kansas City, Kansas 66101. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

December 10, 2003

Keith E. Olson, Warden

**U.S. Department of Justice**
**Federal Bureau of Prisons**                          Regional Administrative Remedy Appeal
**North Central Regional Office**                                    Part B — Response

---

**Name:  METCALF, BRADFORD**
**Reg. No.:  09198-040**
**Admin Remedy No.:  317451-R1**

---

This is in response to your Regional Administrative Remedy Appeal in which you claim the institution improperly rejected *Shotgun News*.  You request to be able to receive *Shotgun News*.

We have reviewed your appeal.  The institution stated they have not rejected the publication *Shotgun News*.  Rather, the returned items were various newspaper clippings sent from an outside source.  Program Statement 5266.10 entitled <u>Incoming Publications</u> states, "At medium security, high security, and administrative institution, an inmate may receive softcover publications (for example, paperback books, newspaper clippings, magazines, and other similar items) only from the publisher, from a book club, or from a bookstore."  The newspaper clippings were not from a publisher, book club, or from a bookstore and were properly returned by the institution.  Should you subscribe to *Shotgun News,* the institution will make a determination if the publication will be allowed into the institution as they are received.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

*1/14/04*
Date

G. L. HERSHBERGER, Regional Director

**U.S. Department of Justice**                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

| From: | Metcalf, Bradford, K. | 09198-040 | C | USP-TH |
|-------|-----------------------|-----------|---|--------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

The Warden at U.S.P. Terre Haute, and the Region have both misconstrued the focus of the instant complaint. The institution has removed the mail-room rejection slips from the enclosed BP-9. The "newspaper clipping" was from a Shotgun News which was clearly marked as "Defendant's Exhibit."

The real complaint is the fact that complainant has been refused access to the Shotgun News nearly everytine it has been sent in - marked "legal research material." The subject of this complaint is the effective denial of access to the courts when these materials can demonstrate the innocence of complainant.

RElief requested:

A. To reverse the REgion's denial

B. The relief requested on complainant's BP-9

| 1 Feb 04 | _Bradford Mitcalf_ |
|----------|--------------------|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| DATE | GENERAL COUNSEL |
|------|-----------------|

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _317451-A1_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) |

**Administrative Remedy No. 317451-A1**
**Part B - Response**

You appeal the rejection of the publication entitled, "Shotgun News." You request to be able to receive the publication.

Our review reveals the Warden and the Regional Director accurately addressed the issues raised. Pursuant to Program Statement 5266.10 <u>Incoming Publications</u>, inmates at medium security, high security, and administrative institutions may receive softcover publications only from the publisher, from a book club, for from a bookstore. As noted in your response from the Regional Director, the returned items were various newspaper clippings sent from an outside source. The newspaper clippings were not from a publisher, book club, or from a bookstore and were properly returned by the institution. Staff will review the publication and make a determination if the publication will be allowed into the institution should you subscribe to "Shotgun News." Accordingly, your appeal is denied.

_April 2, 2004_
_____
Date

_Harrell Watts_
_____
Harrell Watts, Administrator
National Inmate Appeals

Exhibit 37



**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary*
*Terre Haute, Indiana*

Date:        July 17, 2000

Reply To
Attn Of:     Harley G. Lappin, Warden

Subject:     Rejected Publication

To:          Bradford Metcalf
             Reg. No. 09198-040 (2C)

This is to advise you that a package addressed to you has been received at this institution which contains a publication that is inappropriate for use by confined individuals in accordance with Bureau of Prisons Program Statement 5266.09, entitled Incoming Publications. This policy provides that a Warden may reject publications that could be used in a detrimental way to interfere with the orderly operation or security of the institution.

The contents of this publication, <u>SHOTGUN NEWS</u>, Volume 54, Issue 19, 2000, reveal photographs of weapons which could be used in a detrimental way to interfere with the orderly operation or security of the institution.

Specifically, the publication, depicts photographs of weapons in broken down form on the front cover, pages 33,34,35,59,90,111,187, and back cover.

Therefore, you will not be permitted to obtain this publication.

You have the right to appeal this decision through the Administrative Remedy procedure within 20 days of this memorandum.

In addition, pursuant to the above-referenced Program Statement and regulation, this material will be retained for 20 days, in order to provide you with the opportunity to review the publication should you decide to appeal this decision under the Administrative Remedy procedure. You may submit an Inmate Request to the Legal Department to conduct a review of this material if you choose to appeal this decision.

*Bradford Metcalf*
*#09198-0,*



**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary*

Terre Haute, IN 47808

August 14, 2000

Loris Tompkins
P.O. Box 15546
Evansville, Indiana 47716

Dear Ms. Tompkins:

I have rejected the publication entitled <u>SHOTGUN NEWS</u>, Volume 54, Issue 19, 2000, which was addressed to Bradford Metcalf, Reg. No. 09198-040, an inmate at this institution.

This material was rejected pursuant to Bureau of Prisons' Program Statement 5266.8, entitled "Incoming Publications," also published at 28 CFR § 540.70, which provides that a Warden may reject a publication that could be used in a detrimental way to interfere with the orderly operation or security of the institution.

The contents of this publication reveal photographs of weapons which could be used in a detrimental way to interfere with the orderly operation and security of the institution.

Specifically, the publication, <u>SHOTGUN NEWS</u>, depicts photographs of a weapon displayed in broken down form on the front cover, pages 33, 34, 35, 59, 90, 111, 187, and back cover.

Therefore, he will not be permitted to obtain this publication.

In accordance with the provisions of the above-referenced Program Statement and regulation, I have enclosed a copy of the rejection memorandum provided to Mr. Metcalf. You may obtain an independent review of this rejection by writing to the Mid-Atlantic Regional Director, Federal Bureau of Prisons, 10010 Junction Drive, Suite 100 North, Annapolis Junction, Maryland 20701.

Sincerely,

Harley G. Lappin
Warden

Enclosures

*I have blackened out the above "parts sets" — which I didn't need to do, on previous issues. This should be permitted to be forwarded to Mr. Metcalf —*

*— Thank you —*

*LORIS TOMPKINS — METCALF*
*HERITAGE BROADCASTING SYSTEM*
*PO Box 5583*
*Evansville, Ind. 47716*



**U.S. Department of Justice**

Federal Bureau of Prisons

_United States Penitentiary_
_Terre Haute, Indiana_

Date:  November 9, 2000

Reply To
Attn Of:   Harley G. Lappin, Warden

Subject:  Rejected Material

To:   Bradford Metcalf
      Reg. No. 09198-040 (C2)

This is to advise you that a package addressed to you has been received at this institution which contains an illustrated layout of a weapon that is inappropriate for use by confined individuals in accordance with Bureau of Prisons Program Statement 5265.11, entitled Correspondence. Bureau of Prisons policy provides that a Warden may reject correspondence that could be used in a detrimental way to interfere with the orderly operation or security of the institution.

Specifically, the illustrated layout depicts a full scale weapon in broken down form. Therefore, you will not be permitted to obtain this publication.

You have the right to appeal this decision through the Administrative Remedy procedure within 20 days of this memorandum.

In addition, pursuant to the above-referenced Program Statement and regulation, this material will be retained for 20 days should you decide to appeal this decision under the Administrative Remedy procedure. It has been determined that this material could be used in a detrimental way to interfere with the orderly operation or security of the institution, therefore, you will not be permitted to view this material.



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:        August 7, 2002

Reply To     *T.R. Barnett*
Attn Of:     T.R. Barnett, ISM

Subject:     Incoming Package Mail

To:          All Concerned

In accordance with Bureau of Prisons Program Statement 5800.10, <u>Mail Management Manual</u>, Section 310, inmates may receive packages that contain paperback books, magazines, or legal materials, however, these packages **must** be marked with words such as "Authorized by Bureau Policy", "books", "magazines", or "legal materials".  Any package received  that does not have the appropriate markings **<u>will be rejected and returned to sender</u>**.

You should advise anyone who sends you mail containing softback books, magazines, or legal materials to clearly mark the outside of the package as described above.

Any questions should be addressed to me or Mr. Aldrich, AISM.



**U.S. Department of Justice**

Federal Bureau of Prisons

_United States Penitentiary_
_Terre Haute, Indiana_

Date:     September 04, 2007
Reply to
Attn of:     R. V. VEACH, WARDEN

Subject:    Rejected Publication

To: BRADFORD METCALF #09198-040          2 C
Re:  SHOOTING TIMES MAGAZINE (OCTOBER 2007 ISSUE)

The above named publications/materials have been rejected in accordance with the
Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in
part:

**The Warden may reject a publication if it is determined detrimental to the security,
good order, or discipline of the institution or if it might facilitate criminal activity.**

**The above named publication has been rejected as it has been determined that it
contains information on** the practice of assembling and disassembling of fire arms, which
could endanger the security of the institution. The information contained in this publication
has been found to be detrimental to the security, good order and discipline of the
institution.  (See page 68).

A copy of this notification has been sent to the publisher/sender who may obtain an
independent review of this rejection by writing to the North Central Regional Director,
Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City,
KS, 66101 within twenty (20) days of receipt of that copy.

cc: SHOOTING TIMES MAGAZINE
    PRIMEDIA PUBLICATIONS
    2 NEWS PLAZA  - SECOND FLOOR
    PEORIA, IL. 61614

BP-S328.058  **STAMPS, NEGOTIABLE INSTRUMENT & OTHER RETURNED TO SENDER**  CDFRM
APR 94

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO: (Sender - See Return Address)<br><br>EDWARD HAMILTON<br>FALLS VILLAGE, CT 06031-5000 | FROM: (Institution)<br><br>United States Penitentiary<br>P.O. Box 33<br>Terre Haute, IN 47808 | |
|---|---|---|
| INMATE'S NAME:<br><br>BRADFORD METCALF | REGISTER NUMBER:<br><br>09198-040 | DATE:<br><br>November 5, 2007 |

Material Returned

Hardcover Publication(s) - hardcover books cannot be properly inspected without damaging the publication. As a security concern, policy only allows for hardcover publications if they are received directly from a book store, publisher, or book club.

The correspondence inclosed with your mailing has been forwarded to inmate BRADFORD METCALF.

SMALL ARMS- PISTOLS AND RIFLES

  **The Warden may reject a publication if it is determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

  **The above named publication has been rejected as it has been determined that it is detrimental to the security, good order and orderly running of the institution.**

| Printed or Typed Name of Staff Rejecting Material | Written Signature of Staff rejecting material |
|---|---|
| J. REED | |

Record Copy - Addressee (with material); Copy - Inmate; Copy - Mail Room File; Copy - Central File.

(This form may be replicated via WP)                          Replaces BP-328(58) of JAN 91

Inmate Copy

L:\Groups\ISM\bp328s\09198-040.993.wpd
This file has been saved as L:\Groups\ISM\bp328s\09198-040.993.wpd, if you make any changes, save them and overwrite this file.



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:     November 05, 2007
Reply to
Attn of:   R.V. VEACH, WARDEN

Subject:   Rejected Publication

To:  Bradford Metcalf #09198-040
Re:  Edward Hamilton (Small Arms pistols and rifles

The above named publications/materials have been rejected in accordance with the
Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in
part:

**The Warden may reject a publication if it is determined detrimental to the security,
good order, or discipline of the institution or if it might facilitate criminal activity.**

**The above named publication has been rejected as it has been determined that it is
detrimental to the security, good order and orderly running of the institution.**

A copy of this notification has been sent to the publisher/sender who may obtain an
independent review of this rejection by writing to the North Central Regional Director,
Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City,
KS, 66101 within twenty (20) days of receipt of that copy.

cc:  Billing Address:
     Bradford Meatcalf
     #09198-040
      PO Box 33
     Terre Haute, IN 47808



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:   May 14, 2007
Reply to
Attn of:   Wendy J. Roal, Associate Warden

Subject:   Rejected Publication

To:   Laurier Doyon #83677-036   *3 K*

RE:   Copy of Publication "Song of Solomon"

The above named publications/materials from **the above named material 'Song of Solomon"** has been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

> **The Warden may reject a publication if it is determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

> **The above named publication has been rejected as it has been determined that it contains information which depicts, describes or encourages activities which may lead to the use of physical violence or group disruption.**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
**Terre Haute, Indiana**

Date:        August 08 2007
Reply to
Attn of:     R. V. VEACH, WARDEN

Subject:     Rejected Publication

To: James Waisanen #09500-041

RE:    Guns and Ammo Magazine (September Issue)

The above named publications/materials have been rejected in accordance with the Bureau's Program Statement on Incoming Publications (PS 5266.10), which provides in part:

**The Warden may reject a publication if it is determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity.**

**The above named publication has been rejected as it has been determined that it contains information on the practice of assembling and disassesmbling of firearms which could endanger the security of the institution. The information contained in this publication has been found to be detrimental to the security , good order and discipline of the institution. (See page 55)**

A copy of this notification has been sent to the publisher/sender who may obtain an independent review of this rejection by writing to the North Central Regional Director, Federal Bureau of Prisons, 400 State Avenue, Gateway Tower II, 8th Floor, Kansas City, KS, 66101 within twenty (20) days of receipt of that copy.

cc:  Guns and Ammo
     P.O. Box 421124
     Palm Coast, FL.  32142

Exhibit 38



Attachment 5
Page 1
THA-1330.7H
08-01-89

F.C.I. TERRE HAUTE
TERRE HAUTE, INDIANA

# INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.7, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative remedy".

In keeping with the spirit and intent of Bureau of Prisons Statement 1330.7, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

## ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

SECTION I: (TO BE COMPLETED BY INMATE.)

INMATES NAME: Metcalf, Bradford          REG. NO.: 09198-040          UNIT: C

NATURE OF COMPLAINT: Mr. Baumgartner's BP-8 response to me on March 8, 2007, indicated that my Inter Library Loan(ILL) choices are being censored. Relief Requested: WHO is determining the inappropriateness of my ILL requests? *Bradford Metcalf*

SECTION II:          (TO BE COMPLETED BY CORRECTIONAL COUNSELOR)

DATE / TIME COMPLAINT RECEIVED FROM INMATE: 3-10-07

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: YOUR ~~COMPLAT~~ STATEMENT IN THE COMPLAINT COLUMN IS A QUESTION TO COMPLAINT, I SUGGEST YOU SEE MR BAUMGARTNER AND ASK HIM

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT:

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____
                                        DATE                    SIGNATURE

INMATE'S SIGNATURE: _____
          SIGNATURE INDICATES INMATES ACCEPTANCE OF RESOLUTION

(OVER)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                         **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>**Mr. Baumgartner** | DATE:<br>**13 March, 2007** |
|---|---|
| FROM:<br>**Metcalf, Bradford K.** | REGISTER NO.:<br>**09198-040** |
| WORK ASSIGNMENT:<br>**Chapel** | UNIT:<br>**C** |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Re: Your BP-8 response to me on March 8, 2007.

   Your response indicated that my Inter Library Loan(ILL) choices are
being censored. I request to know exactly who determined the "inappropri-
ateness" of my request(the request which was pending from 27 November,2006
to 26 February,2007). Please provide the name and job title. I also request
the same information for any other ILL requests which have been denied me.

Thank you. *Bradford Metcalf*

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

Attachment 1
Page 1 (front)
THA 1330.13G

U. S. PENITENTIARY/FEDERAL PRISON CAMP

Terre Haute, Indiana

INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure
for Inmates, states "Inmates shall informally present their complaints to
staff, and staff attempt to informally resolve any issue before an inmate
files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement
1330.13, the following form shall be utilized by staff in attempting to
informally resolve an inmate's complaint.

ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM
== =================================================

INMATE'S NAME:**Metcalf, Bradford**REG. NO.: __09198-040__ UNIT: __C__

DATE/TIME COMPLAINT RECEIVED FROM INMATE: __12 April, 2007__

NATURE OF COMPLAINT:**I gave a cop out to Mr Baumgartner nearly a** month ago,
**requesting to know exactly who had been censoring my Inter Library** Loan
**requests. No answer. Relief requested: Answers to my cop out.**

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: THE ILL COORDINATOR
IS MS ADAMS. SHE CENSOR'S ALL ILL REQUESTS

_____

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION
ATTEMPT:_____

_____

INFORMAL RESOLUTION WAS ACCOMPLISHED:_____

                                    DATE _____

INMATE'S SIGNATURE: _____

        SIGNATURE INDICATES INMATE'S ACCEPTANCE OF RESOLUTION

RESPONDED TO BP-8 ON 5-2-07

REC'D BP-9  5/1/07

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: <u>Metcalf, Bradford K.</u>        <u>09198-040</u>        <u>C</u>        <u>FCI Terre Haute</u>
      **LAST NAME, FIRST, MIDDLE INITIAL**        **REG. NO.**        **UNIT**        **INSTITUTION**

**Part A– INMATE REQUEST** On 13 March, 2007, I gave Mr. Baumgartner an Inmate
Request. He did <u>not</u> answer. On April 12, I filed a BP-8 in relation to the
Inmate Request. Again, Mr. Baumgartner did <u>not</u> amswer. Relief requested:
   a) an answer to my inmate request;
   b) disciplinary sanctions of Mr. Baumgartner. XXXXXXXXXXXXXXXXXXXXXXXXXXXXX

<u>■ 1 May, 2007</u>        *Bradford Mitcalf*
    **DATE**        **SIGNATURE OF REQUESTER**

**Part B– RESPONSE**

_____        _____
    **DATE**        **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: _____

_____        CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
    **LAST NAME, FIRST, MIDDLE INITIAL**        **REG. NO.**        **UNIT**        **INSTITUTION**

SUBJECT: _____

_____        ⊕        _____
    **DATE**        **RECIPIENT'S SIGNATURE (STAFF MEMBER)**        BP–229(13)