UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADFORD METCALF, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 07cv0206 (ESH) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE

Defendants, through the undersigned counsel, respectfully oppose Plaintiff's Motion to Hold Habeas Corpus Petition in Abeyance. In support of this opposition, Defendants state the following:

1. Plaintiff filed his *pro se* complaint in this Court on or about January 30, 2007. In his complaint, Plaintiff seeks a release from prison as well as money and equitable remedies. On October 29, 2007, Defendants filed a Motion to Dismiss/Motion to Transfer. The latter is based on the fact that Plaintiff is incarcerated in Terre Haute, Indiana.

2. Thereafter, Plaintiff filed a Motion to Hold His Habeas Petition in Abeyance on the grounds that the petition "may cloud [his] rights to discovery and relief requested...." It appears that this request is an attempt to avoid transfer of this matter to its rightful jurisdiction.

3. A district court has jurisdiction over a habeas petition "only if it has jurisdiction over" the petitioner's custodian. *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) referring to 28 U.S.C. § 2241(a)'s language that

courts are limited to granting habeas relief "within their respective jurisdictions")).

4. Moreover, this Circuit's jurisprudence is that cases such as this one should *not* be heard in the District, but should instead be transferred to the judicial district where the prisoner is incarcerated, pursuant to § 1404(a). ". . . [M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." *Starnes v. McGuire*, 512 F.2d 918, 926 (D.C. Cir. 1974).

5. If it finds Plaintiff's claims to be meritless, the Court could grant Defendants' Motion to Dismiss because transfer would be futile. *Gomez v. DOJ*, 2006 U.S. Dist. Lexis 91638, *12 (D.D.C. 2006).[1] That is especially true when, as here, there are claims for personal liability included. *See e.g., Simpkins v. District of Columbia*, 108 F.3d 366 (D.C. Cir. 1997).

6. Accordingly, since the events about which Plaintiff complains occurred at Terre Haute, the only district court that has proper jurisdiction to hear Plaintiff's complaint is in the Southern District of Indiana. At this time, no other district court has jurisdiction and none will unless, Plaintiff is transferred to another jurisdiction. Indeed, neither jurisdiction nor venue is proper in this District.

6. Since he is incarcerated, it is impracticable for the undersigned to confer with Plaintiff about the within Motion.[2]

---

[1] In this case, Defendants maintain that Plaintiff's claims lack merit and that dismissal in lieu of transfer is also proper.

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss non-dispositive motions with "opposing *counsel*" and nonprisoner pro se parties.

Date: December 21, 2007                Respectfully submitted,


  /s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4210
Washington, D.C. 20530
(202) 514-7157
kenneth.adebonojo@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendants' Opposition to Plaintiff's Motion to Hold Habeas Corpus Petition in Abeyance was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Bradford Metcalf,
Fed. Reg. No. 09198-040
P.O. Box 33
Terre Haute, Indiana
4780817837

on this 21st day of December, 2007

/s/
KENNETH ADEBONOJO